820 So.2d 524 (2002)
STATE of Louisiana
v.
Wayne MAYEUX.
No. 2001-KP-3408.
Supreme Court of Louisiana.
June 21, 2002.
Shelia C. Myers, New Orleans, Counsel for Applicant.
Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Scott D. Peebles, Counsel for Respondent.
WEIMER, Justice.
Certiorari was granted in this matter to determine whether the legislative amendment allowing for a suspended sentence for violation of LSA-R.S. 40:966(C) should *525 be applied to an offense committed prior to the effective date of the statute when the defendant is sentenced following the effective date of the amendment.
For the reasons assigned in State v. Sugasti,[1] decided this date, we affirm the grant of the writ by the court of appeal with orders to set aside the suspended sentence as illegal and remand the matter to the district court for sentencing consistent with this opinion.

FACTS AND PROCEDURAL BACKGROUND
Defendant, Wayne Mayeux, was charged with possession of heroin on June 29, 2000, by bill of information filed on July 13, 2000. On September 6, 2001, he appeared before the court, withdrew his former plea of not guilty and pled guilty under the provisions of LSA-C.Cr.P. art. 893. He waived the delay for sentencing and, following a Boykin[2] examination, was sentenced by the court to serve four years with the Department of Corrections, suspended, two years active probation and $500 payable to the Judicial Expense Fund.
The State objected to the sentence as illegal and filed a notice of intent to file a writ which the court signed.
Relying on State v. Ragas, 98-0011 (La.App. 4 Cir. 7/28/99), 744 So.2d 99, for the proposition that the penalty set out in the statute at the time of the offense applies, the court of appeal granted the State's writ application. The fact that a statute is subsequently amended to lessen the possible penalty does not extinguish liability for the offense committed under the former statute. State v. Narcisse, 426 So.2d 118, 130 (La.1983).
The court of appeal noted that the trial court gave no other reason for departure downward from the mandatory minimum provided by statute other than the fact that the court believed the new act specifically applied to sentences imposed following June 15, 2001. The court of appeal vacated the sentence imposed by the district court and remanded the case for resentencing.
Mr. Mayeux filed a writ with this court to determine the propriety of the court of appeal decision. He argues all sentences imposed following the effective date of the amendment should be given the benefit of the change instituted by the legislature.

DISCUSSION
For the reasons enunciated in the case of State v. Sugasti, decided this date, we hold that the amendment to LSA-R.S. 40:966(C) allowing for a suspended sentence applies to those cases in which the underlying offense occurred after June 15, 2001, the effective date of the amendment to the statute.
The offense committed by Mr. Mayeux for which he is being sentenced occurred prior to the amendment which became effective on June 15, 2001. He is to be sentenced according to the penalty provisions of the statute in effect on the date of the commission of the offense. The offense with which defendant is charged occurred on June 29, 2000. The penalty provision in effect at that time did not allow for probation or suspension of sentence.
The court of appeal was correct in ruling that the sentence imposed by the trial *526 court was illegal and in vacating that sentence. The court of appeal ordered the matter remanded to the district court for sentencing, reserving to defendant the right to withdraw his guilty plea.

CONCLUSION
For reasons assigned in this matter as well as the discussion in State v. Sugasti, we affirm the ruling of the court of appeal and remand the matter to the district court for proceedings consistent with this opinion.
AFFIRMED; REMANDED TO DISTRICT COURT.
JOHNSON, J., dissents and assigns reasons.
JOHNSON, J., dissenting.
The majority holds that because the underlying offense occurred prior to the effective date of the amendment, the defendant, Wayne Mayeux, must be sentenced under the more onerous sentencing provision of La. R.S. 40:966(C) as it read prior to the effective date. I respectfully dissent from the majority's decision for the reasons assigned in my dissent in State v. Sugasti, 01-K-3407(La. 6/21/02), 820 So.2d 518.
NOTES
[1] Certiorari was also granted in the matter entitled State v. Sugasti, 01-KP-3407 (La. 6/21/02), 820 So.2d 518, decided this date in a separate opinion.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).