820 So.2d 518 (2002)
STATE of Louisiana
v.
Daniel SUGASTI.
No. 2001-K-3407.
Supreme Court of Louisiana.
June 21, 2002.
Gwendolyn K. Brown, Baton Rouge, Counsel for Applicant.
Richard P. Ieyoub, Attorney General, Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Gretna, Alison Wallis, Harvey, Counsel for Respondent.
WEIMER, Justice.
Certiorari was granted in this matter to determine whether legislative changes reducing sentencing provisions for certain offenses should be applied to offenses committed prior to the effective date of the statute when the defendant is sentenced following the effective date of the changes.[1] At issue in this case is the *519 amendment to LSA-R.S. 40:966(C)(1) enacted by 2001 La. Acts No. 403, effective June 15, 2001.
For the following reasons, we affirm the decision of the court of appeal which vacated the sentence and remanded the matter to the district court for further proceedings.

FACTS AND PROCEDURAL BACKGROUND
On June 14, 1999, the Jefferson Parish District Attorney's office filed a bill of information charging Daniel Sugasti with possession of heroin on September 5, 1998, in violation of LSA-R.S. 40:966(C).
Over 24 months later, the defendant appeared before the court on June 21, 2001, at which time he entered a negotiated plea of guilty as charged to three offenses possession of heroin, possession of alprazolam and possession of marijuana. The trial judge conducted a Boykin[2] examination and accepted the defendant's plea of guilty. Defendant waived the delay for sentencing following which the judge sentenced him to five years imprisonment with the Department of Corrections for possession of heroin, five years imprisonment with the Department of Corrections for possession of alprazolam, six months parish prison for possession of marijuana, a fine, court costs and commission fees. The court ordered the sentences to run concurrently. The trial judge further ordered the sentences suspended and placed defendant on active probation for a period of five years.
The State objected to the imposition of suspended sentences on the basis that 2001 La. Acts No. 403, allowing for a suspended sentence for a violation of LSA-R.S. 40:966(C) did not apply to drug offenses committed in 1998 prior to the amendment of the statute, thus making the sentences illegally lenient. The State made an oral motion for appeal which the court granted.
On appeal, the fifth circuit, relying on State v. Wright, 384 So.2d 399, 401 (La. 1980), agreed with the argument presented by the State that the sentence in effect at the time the crime is committed is the proper sentence to be imposed. The court of appeal vacated the penalty imposed by the trial court and remanded the matter for resentencing, reserving defendant's right to withdraw his guilty plea. State v. Sugasti, 01-0770 (La.App. 5 Cir. 11/27/01), 802 So.2d 943, writ granted, 01-3407, (La.2/22/02), 810 So.2d 1133.
The court of appeal reasoned as follows: "Although the trial judge was permitted to consider the ameliorative changes in the law, he erred when he suspended the defendant's sentence in derogation of the sentencing provisions applicable at the time of the offense." Sugasti, 01-0770 at 6, 802 So.2d at 946. The court of appeal relied on 2001 La. Acts No. 403, § 6 which provides that "this Act shall only have prospective effect."
The effective date of Act 403 was June 15, 2001, just days before the defendant pled guilty and was sentenced for offenses committed September 5, 1998, almost three years earlier. Prior to the amendment, the penalty for possession of heroin was not less than four nor more than ten years imprisonment at hard labor without benefit of probation or suspension of sentence. Following the effective date of the amendment, the penalty for possession of heroin shall be imprisonment at hard labor for not less than four years nor more than ten years and may, in addition, be required *520 to pay a fine of not more than five thousand dollars. LSA-R.S. 40:966(C). The amendment deleted the language "without benefit of probation or suspension of sentence".
The defendant applied for writ of certiorari which this court granted. Defendant argues that the court of appeal's action will frustrate the legislature's sweeping revisions of the law to ameliorate the draconian penalties it had formerly provided for serious drug offenses. Defendant argues Section 6 of 2001 La. Acts No. 403 precludes only retroactive application of the changes to cases in which the defendant was convicted and sentenced before June 15, 2001, the effective date of the act. He argues that anyone sentenced following the effective date of the act should receive the benefit of the reduced penalty provision.

DISCUSSION
In an attempt to reduce incarceration rates for non-violent offenders and ease the financial burden on the State, the legislature enacted changes in certain penalty provisions during the 2001 Regular Session. At issue in this case is the revision to LSA-R.S. 40:966(C).[3] The phrase "without benefit of probation or suspension of sentence" was deleted from the penalty provision which became effective June 15, 2001. Thus, following the effective date of the amendment, an offender convicted of possession of a Schedule I narcotic drug would be eligible to receive a suspended sentence. The question to be decided by this court is whether the amended sentencing provision applies to those cases in which the commission of the offense occurred prior to the effective date of the statute, but the sentencing occurred subsequent to the effective date of the statute.
Prior to the 2001 amendments a defendant sentenced for possession of heroin was not eligible for probation or suspension of sentence. LSA-R.S. 40:966(C); LSA-C.Cr.P. art. 893. The 2001 amendments made probation or suspension of sentence available. The trial court, over the objection of the State, gave the defendant the benefit of the amendments at the time of sentencing which occurred after the effective date of the amendments.
This court has consistently held that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Wright, 384 So.2d 399, 401 (La.1980). A defendant must be sentenced according to sentencing provisions in effect at the time of the commission of the offense. State v. Narcisse, 426 So.2d 118, 130-131 (La.1983). "The mere fact that a statute may be subsequently amended, after the commission of the crime, so as to modify or lessen the possible penalty to be imposed, does not extinguish liability for the offense committed under the former statute." Id.
In State v. Clark, 391 So.2d 1174 (La. 1980), this court concluded that an ameliorative *521 change in the penalty provision of a statute which occurs after the commission of the offense is a factor to be weighed by the trial judge in imposing sentence. However, the court noted that "it is the rule in this state that the penalty provision in effect at the time of the offense is the applicable provision." Id. at 1176. Although the trial judge should consider the ameliorative changes in the law in imposing sentence, the trial judge should not derogate from the penalty provision in effect at the time of the commission of the offense.
While we are aware of the general tenor of the legislation enacted during the 2001 Regular Session with regard to sentencing provisions, we are also cognizant of the fact that sentencing is the province of the legislature. Had it been the intention of the legislature to have the statute apply to all sentences imposed following the effective date of the statute, it could have written the statute to so state.
Additionally, in this case the legislature specifically provided that the provisions of Act 403 "shall only have prospective effect." 2001 La. Acts No. 403, § 6. Had the legislature intended for the more lenient sentencing provisions to take effect immediately, language signifying that intent could have easily been incorporated into the act.
We distinguish Act 403 from the provisions of 2001 La. Acts No. 1163, which amended the sentencing provisions of LSA-R.S. 14:98(E) related to driving while intoxicated. The new provisions in Act 1163 retained the sentencing ranges provided for third and fourth offense driving while intoxicated violations, but radically changed the way the offender may or must serve the sentence imposed by the court.[4] The statute encompassing the penalty provisions specifically states "upon conviction" the defendant shall be punished to a specific term. Additionally, the act did not include language specifying "prospective only" application. Act 1163 simply went into effect on August 15, 2001.
We note that the penalty provision for violation of LSA-R.S. 40:966(A) for production, manufacture, distribution or possession with intent to distribute a narcotic drug listed in Schedule I, contains the same "upon conviction" language as LSA-R.S. 14:98the DWI statute. LSA-R.S. 40:966(B)(1). The provisions of LSA-R.S. 40:966(B)(2) state for "[a]ny other controlled dangerous substance classified in Schedule I, shall upon conviction be sentenced to...." The amendment to Sections C and D does not contain the "shall upon conviction" language which is present in Section B and in the provisions relating to LSA-R.S. 14:98.
There is a strong presumption against retroactivity of statutes. Louisiana law dictates that "[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated." LSA-R.S. 1:2. The legislature plainly stated an intention that the sentencing changes apply prospectively only. It is clear that provisions of criminal statutes are to be "given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." LSA-R.S. 14:3.
In this particular case, Mr. Sugasti violated LSA-R.S. 40:966(C) by possessing heroin, among other things, on September 5, 1998. At the time of the commission of the offense the penalty for possession of *522 heroin did not provide for probation or suspension of sentence. Had it not been for unusual circumstances following the commission of the crime, Mr. Sugasti would have appeared before the court for disposition of the charges long before the amendment to the sentencing provision. Additionally, had he appeared before the court seven days earlier there would have been no question that he was to be sentenced under the law as it read prior to amendment.
Policy reasons mitigate against holding that the amendment to LSA-R.S. 40:966(C) applies to anyone sentenced after June 15, 2001, regardless of when the offense was committed. To do so would encourage defendants to continually delay prosecution in hope that the legislature would enact more lenient sentences.[5] Additionally, it would be grossly unfair to two defendants who commit the same crime on the same day to be sentenced under different penalties should one defendant successfully delay punishment until after the benefits of a reduced penalty go into effect.
Everyone is presumed to know the law, including the penalty provisions that apply. As such, those who engage in criminal activity must face the consequences of their actions, including the penalty provisions that apply as of the date of the offense.

CONCLUSION
For the foregoing reasons, we affirm the decision of the court of appeal and remand the matter to the district court for sentencing consistent with this opinion. Defendant's right to withdraw his guilty plea is reserved.
AFFIRMED; REMANDED TO DISTRICT COURT.
JOHNSON, J., dissents and assigns reasons.
JOHNSON, J., dissenting.
I disagree with the majority's conclusion in this case. It is illogical to conclude that the legislature intended that drunk drivers convicted under La. R.S. 14:98(G) must be sentenced under the post-amendment provisions, even though the underlying offense occurs prior to the amendment, based on the stated legislative purpose, but conclude that the legislature did not intend the same result for those offenders found guilty of minor drug offenses under La. R.S. 40:966(C), as the defendant, Daniel Sugasti, in the instant case. The legislature clearly intended that third and fourth DWI offenders under La. R.S. 14:98(G), as well as drug offenders (convicted of possession) under La. R.S. 40:966(C), benefit from the more rehabilitative and less onerous sentencing provisions.[1] Scientific studies recognize both alcoholism and drug dependency as addictive behaviors. But, statistics also show that damages caused by repetitive DWI offenders on the nation's highways are far more costly in money damages and innocent human lives than the harm posed by drug possession offenders.
The majority, in the instant case, holds that the amendment to La. R.S. 40:966(C), allowing a suspended sentence, applies only to those cases in which the underlying offense occurred after the effective *523 date of the statutory amendment.[2] Therefore, Sugasti, who was charged on September 5, 1998 (prior to the amendment) with possession of heroin in violation of La. R.S. 40:966(C) must be sentenced under the statute as it read prior to the amendment, even though he was convicted and sentenced after the effective date of the amendment. In so holding, the majority relies primarily on the proposition that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Wright, 384 So.2d 399, 401 (La.1980); State v. Narcisse, 426 So.2d 118, 130-131 (La.1983) (a defendant must be sentenced according to sentencing provisions in effect at the time of the commission of the offense).
However, this Court held in State v. Michael Mayeux, 01-KK-3195 (La. 6/21/02), 820 So.2d 526, decided on the same day as the instant case, that the trial court erred in sentencing the defendant under the penalty provisions of LA. R.S. 14:98(G) as it existed at the time of the defendant's DWI offense, rather than at the time of his conviction. In Mayeux, we reasoned that although Louisiana courts have generally held that the law in effect at the date of the offense should control, the statutory language and legislative purpose behind the statutory amendment of La. R.S.14:98(G) dictates that the amendment be applied to even those defendants having committed and offense prior to the effective date of the amendment.
I believe that the same rationale as expressed by this Court in Mayeux should apply in the instant case. As pointed out in the majority's decision, the legislature has enacted changes in certain penalty provisions in an attempt to reduce incarceration rates for non-violent offenders and ease the financial burden on the State. Like the amendment to La. R.S.14:98(G), the amendment to La. R.S. 40:966(C), under which Sugasti was sentenced, is an example of such a non-violent offense which the legislature has chosen to impose a more lenient sentence. The legislative intent to transform sentencing for non-violent crimes into a more rehabilitative nature is made clear by a review of the legislative history of such amendments.
Regarding the amendment to La. 14:98(G), House Bill No. 665, Representative Odinet explained that "the purpose of the proposed legislation was twofold: (1) to give treatment to those in need of treatment; and (2) to allow incarceration to be reduced to allow more space in the state prisons for violent criminals." He further explained:
[t]he bill is fiscally responsible and beneficial to the people of Louisiana as the state spends a great deal of money on incarceration. When someone has a problem, they need treatment; by providing the treatment, the state can reduce its repetitive costs for incarceration as a result of DWI offenses and gives these offenders an opportunity to not return to that style of behavior. This benefits the state and the individual.
Senator C.D. Jones presented Senate Bill No. 239, proposed amendment to La. R.S. 40:966(C). Senator Jones concluded that "the proposed bill would maintain public safety and protect our citizens, while at the same time, give some relief to the overcrowded prison situations." Governor Mike Foster also appeared in support of the bill and stated that "anything *524 that could be done to look at the entire system, rid the state of the title of the highest incarceration rate in the nation, stop the increase in violent crimes, and rehabilitate those who are not violent criminals should be supported." The legislative purpose behind the amendments to both La. R.S. 14:98(G) and La. R.S. 40:966(C) are the same.
In sentencing Sugasti under the post-amendment sentencing provisions of La. R.S. 40:966(C), the trial court stated:
"[s]ection 6 of the new act says that the effects shall be prospective only. And the court believes that since the Court is giving this sentence after the effective date of the act, that is prospective to the effective date of the act ... The Court does believe that the sentence is not part of the substantive facts of the crime and therefore the law requires that the Court consider the sentence that the Legislature has enacted as of the date of the sentencing."
I agree with the trial court's reasoning. Accordingly, I would reverse the court of appeal's decision vacating Sugasti's sentence and reinstate the trial court's sentence under the amended penalty provisions of La. R.S. 40:966(C).
NOTES
[1] Certiorari was also granted in the matter entitled State v. Mayeux, 01-KP-3408 (La. 6/21/02), 820 So.2d 524, decided this date in a separate opinion.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[3] Prior to the revision LSA-R.S. 40:966(C) read as follows:

It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner or as provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this Part. Any person who violates this Subsection with respect to:
(1) A substance classified in Schedule I which is a narcotic drug (all substances in Schedule I preceded by an asterisk), shall be imprisoned at hard labor for not less than four years nor more than ten years without benefit of probation or suspension of sentence and may, in addition, be required to pay a fine of not more than five thousand dollars.
[4] See the discussion in State v. Mayeux, 01-KK-3195 (La. 6/21/02), 820 So.2d 526, decided this date.
[5] On the other hand, enactment of a harsher penalty would not apply because of the prohibition against ex post facto laws. U.S. Const. Art. I, §§ 9-10; La. Const. Art. I, § 23.
[1] Distribution, manufacture, and possession with intent to distribute provisions are not at issue in this case. La. R.S. 40:966(A) and (B).
[2] Prior to the 2001 amendment, the penalty for possession of heroin was not less than four nor more than ten years imprisonment at hard labor without benefit of probation or suspension of sentence. The amendment, effective June 15, 2001, deleted the language "without benefit of probation or suspension of sentence."