_[¿THOMAS F. DALEY, Judge.

STATEMENT OF THE CASE

On March 1, 1999, defendant was charged with the January 21, 1999 unauthorized use of an access device, with the intent to defraud, in violation of LSA-R.S. 14:70.4 [1] She was arraigned on March 8, 1999 and entered a not guilty plea. Discovery motions were filed on May 21, 1999 and discovery was satisfied on July 13, 1999. Motions to suppress evidence, confession, and identification were also filed on May 21, 1999 and set for hearing June 28, 1999; but the hearing was continued several times at defendant’s request. There is no indication in the record that these motions were ever heard.[2]
On the date set for trial, December 15, 1999, defendant advised the court of her desire to withdraw her prior plea of not guilty and enter a plea of guilty to the charge of unauthorized use of an access device, with the intent to defraud. LSA-_jR.S.14:70.4.3 On December 15,1999, defendant executed a Waiver of Constitutional Rights form, wherein she agreed to plead guilty and receive a sentence of two years imprisonment, at hard labor.[3] Defendant did not lodge an objection to the sentencing provision in the Waiver of Constitutional Rights form nor did she object at the time the judge instructed the defendant that she would receive this sentence if her plea was accepted. During the hearing on the guilty plea conducted on December 15, 1999, the trial judge questioned the defendant regarding her waiver of Constitutional Rights (including the three *265 core rights) and thereafter accepted the defendant’s guilty plea as knowing and voluntary.
On January 4, 2000, without objection, the trial judge advised the defendant that she would receive a two-year sentence of imprisonment at hard labor with credit for time served, as stated in the Waiver of Constitutional Rights form and as agreed to by all parties. The Court also recommended defendant for Blue Walters Drug Treatment. The Court advised the defendant that this sentence would be vacated and a five-year sentence would be imposed (by agreement with the State) if a multiple bill was filed and the defendant agreed to the allegations of the multiple bill. Defense counsel voiced no opposition at this time.
Thereafter, also on January 4, 2000, the State filed a multiple bill, wherein the defendant was alleged to be a fourth-felony offender. LSA-14:95.1. The defendant initially denied the allegations of the multiple bill
On January 7, 2000, at the hearing on the multiple bill, defense counsel advised the court that defendant had decided to admit to the allegations of the multiple bill. The court questioned the defendant regarding her admission to the allegations of the multiple bill and her Waiver of Rights, and thereafter, accepted her admission as knowing and voluntary. Prior to sentencing defendant on the multiple bill, the trial judge instructed the defendant as follows:
| ¿THE COURT:
All right, and I’ll reserve — Ms. Sanders, I’ll reserve your rights, whether it’s Crosby or not or its progeny, if for some reason this statute is later found to be unconstitutional by the Supreme Court or by any court of competent jurisdiction, I will allow Mr. Williams (defense counsel) to refile for consideration, if that is done, and vacate this; do you understand?
The court vacated the two-year sentence and imposed a sentence of five years, at hard labor, with credit for time served, as all parties had previously agreed. The court again recommended defendant for Blue Walters Drug treatment. No objection was lodged at the time of the sentencing on the multiple bill.
On June 28, 2001, defendant filed a “Motion to Correct an Illegal Sentence.”[4] In the motion, defendant requested that she be “re-sentenced,” because the underlying offense, to which she pled guilty and upon which she was multiple billed, was now a misdemeanor.
A hearing was held on August 29, 2001. At the hearing on the motion, defendant argued that she should receive the amero-lative effect of the new legislation that amended the penalty provision of LSA-R.S. 14:70.4. (i.e., La. Acts 1999, Act 947). She specifically noted that the multiple bill was filed after the enactment of the amendment and the amendment made the present offense a misdemeanor and not a felony. On the basis of the reservation of rights expressed by the sentencing judge before the original sentence was imposed, the defendant asked the court to set aside her (negotiated) guilty plea and the multiple bill. She reasoned that the multiple bill sentence was illegal because her conviction for access fraud under $100.00 was now considered a misdemeanor and her sentence on that conviction could not be enhanced under a multiple bill. She also alleged that the original guilty plea should be set aside because the change in the law, *266 of | ¡¡which she was unaware at the time of her plea, made the offense a misdemeanor, and not a felony.
The State argued that the law in effect at the time of the commission of the offense in 1999 controlled. The State further argued that the amendment of LSA-R.S.14:70.4 did not provide for retroactive application. Additionally, the State noted that the reservation of rights previously expressed by the trial judge had limited application and was inapplicable to this situation. In conclusion, the State argued that there was no illegal sentence and the guilty plea to the underlying offense used in the multiple bill was legal.
The trial judge denied the “Motion to Correct Illegal Sentence” without reasons, and the defendant objected to the ruling and orally moved for an appeal. A written Motion for Appeal was filed September 6, 2001 and granted by the trial judge the same day.

DISCUSSION

On appeal, defendant alleges that her guilty plea should have been set aside because she was erroneously advised that she was pleading guilty to a felony, and she was later advised that an amendment to the statute under which she was charged, made the offense a misdemeanor. On that basis, defendant further argues her maximum sentencing exposure should have been six months and not two years.
The State replies that the trial court correctly denied defendant’s motion, upholding the agreed upon sentence and guilty plea. The offense with which defendant was charged, fraudulent use of an access device (in an amount less than $100.00[5]) was committed on January 21, 1999. She pleaded guilty to this offense on December 15, 1999. She was sentence to the agreed upon sentence of two years | imprisonment at hard labor on January 4, 2000. On that date, the State filed a multiple bill, which alleged defendant was a fourth-felony offender.
At the time of the commission of this offense, LSA-R.S. 14:70.4, read, in pertinent part, as follows:
LSA-R. S.14:70.4. Access Device Fraud.
A. No person shall without authorization and with the intent to defraud transfer an access device to another person.
B. No person shall without authorization and with the intent to defraud possess an access device to another person.
C. No pérson shall without authorization and with the intent to defraud use, possess, or transfer an access device to another person.
D. ...
E. Whoever violates any provision of this Section shall be fined not more than two thousand dollars or imprisoned with or without hard labor for not more than two years, or both.
F. In addition to any other penalty imposed under this Section, the court may, in its discretion, order restitution as a part of the sentence.
(Emphasis Added).
Effective July 9,1999, the Louisiana legislature amended LSA-R.S. 14:70.4, by 1999 La. Acts 947. Although the substantive provisions of the statute remained essentially unchanged, the penalty provision of the statute was changed to provide graduations of the offense based upon the amount of money misappropriated. Under the amended penalty provisions, a misappropriate in the amount of less than one hundred dollars, as in the current case, *267 would involve a sentence of up to six months imprisonment and/or fine of up to $500.00. LSA-R.S.14:70.4 (E)(3).
The amendment to this statute occurred after the commission of the present offense, but before the defendant’s guilty plea and before the filing of the multiple offender bill.
17Pefendant first argues that the amendment to LSA-R.S.14:70.4 is determinative of her proceedings because the statute went into effect before her guilty plea and multiple bill admission and sentence. The State argues that the law in effect at the time of the commission of the offense controls. This principle was recently reaffirmed by the Louisiana Supreme Court in State v. Sugasti, 01-3407 (La.6/21/02) 820 So.2d 518.
In Sugasti, the defendant was convicted of possession of heroin and given a suspended sentence. The State objected to the sentence as illegally lenient and appealed to this Court. The State argued that, under the law in effect at the time of the offense (LSA-R.S.40:966(C), prior to its amendment by 2001 La. Acts 403), defendant was not entitled to a suspended sentence. Defendant alleged that, since the law became effective prior to his sentencing, its ameliorative effects should apply to him.
In rejecting defendant’s argument, in Sugasti, the Louisiana Supreme Court found that the amendment to the statute did not apply to defendant’s case and reasoned as follows:
This court has consistently held that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. A defendant must be sentenced according to sentencing provisions in effect at the time of the commission of the offense. The mere
fact that a statute may subsequently be amended, after the commission of the crime, so as to modify or lessen the possible penalty to be imposed, does not extinguish liability for the offense committed under the former statute.
[[Image here]]
Policy reason mitigate against holding that the amendment ... applies to anyone sentenced after ... (its effective date), regardless of when the offense was committed. To do so would encourage defendants to continually delay prosecution in hope that the legislature would enact more lenient sentences. Additionally, it would be grossly unfair to two different defendants who commit the same crime on the same day to be sentenced under different penalties should one defendant successfully delay punishment until after the benefits of a reduced penalty go into effect.
State v. Sugasti at pp. 7, 11-12, 820 So.2d at 520.
| ^Although Sugasti involved an original sentence and not a multiple offender sentence, it appears the reasoning of Sugasti would also control the application of the present amendment to defendant’s multiple offender adjudication and sentence. This Court has previously applied this same rationale to complaints regarding multiple offender sentences. State v. Ventress, 01-1165, p. 8-14, (La.App. 5 Cir. 4/30/02), 817 So.2d 377, 381-383, citing, State v. Flagg, 01-965 (La.App. 5 Cir. 3/26/02), 815 So.2d 208.
Defendant next argues that her (negotiated) guilty plea and multiple offender adjudication and sentence were not knowingly and intelligently made because she had not been advised that the law had changed and the offense with which she was charged was no longer a felony.
*268 As previously discussed, this change in the law did not apply to defendant’s case because the commission of the offense by this defendant occurred prior to the amendment to LSA-R.S.14:70.1.
In the present case, the defendant admitted culpability to access device fraud in exchange for a two-year sentence. The sentence was legal within the language of LSA-R.S. 14:70.4(E), as that statute existed at the time of defendant’s offense. Defendant received the agreed upon sentence.
Additionally, since the defendant’s charged offense was a felony at the time of its commission (and not a misdemeanor), the multiple bill adjudication was also legal.
Accordingly, the contention that defendant’s conviction and multiple offender adjudication and sentence should be set aside because they resulted from involuntary guilty plea is unfounded.
Following this reasoning, we affirm the conviction and sentence.
AFFIRMED.

. Defendant was charged under LSA-R.S. 14:70.4, prior to its amendment by La. Acts 1999, Act 947.

. When the defendant proceeds to trial without raising any issue that he had an outstanding Motion to Suppress, the right to have the motion heard is waived. See: State v. Washington, 98-69 (La.App. 5 Cir. 1/26/99), 727 So.2d 673, 676.

.The Waiver form provided the following stipulation: "2 yrs. DOC with multiple bill to be filed by the State which could increase the sentence.”

. Although the language of the motion sought as relief that defendant be “re-sentenced,” defendant never sought this relief at the hearing on the motion. At the motion hearing defendant sought to have the guilty plea and multiple offender adjudication set aside.

. See probable cause affidavit. (R., pp. 17-20).