838 So.2d 74 (2003)
STATE of Louisiana
v.
Robert Paul DAY.
No. 02-1039.
Court of Appeal of Louisiana, Third Circuit.
February 5, 2003.
*75 Robert Richard Bryant, Jr., District Attorney, Lake Charles, LA, for Plaintiff/Appellee, State of Louisiana.
Paula Corley Marx, Louisiana Appellate Project, Lafayette, LA, for Defendant/Appellant, Robert Paul Day.
Court composed of SYLVIA R. COOKS, JIMMIE C. PETERS, and GLENN B. GREMILLION, Judges.
GREMILLION, Judge.
In this case, the defendant, Robert Paul Day, pled guilty to cultivation of marijuana in violation of La.R.S. 40:966(A)(1). He was sentenced to serve five years at hard labor without benefit of probation, parole, or suspension of sentence, with credit for time served. He now appeals claiming that the sentence imposed was cruel, unusual, and constitutionally excessive; the trial court erred in finding the amendments to La.Code Crim.P. art. 893 did not apply to this case; and the trial court failed to adequately articulate the factual basis and reasons which supported the sentence imposed. For the following reasons, we affirm.

FACTS
On or about May 19, 2000, detectives arrived at Defendant's house to investigate a tip from his wife, regarding his use and cultivation of marijuana. Upon the detectives' entry into his house, they detected the smell of burnt marijuana. Defendant admitted smoking a joint shortly before the detectives arrived. He was searched and three partially burnt marijuana cigarettes and a metal clip were found. Also found were a metal pan with green plant material, rolling papers, scissors, and four hand-rolled cigarettes. Defendant maintained that he was growing the marijuana plants so he would not have to purchase the drug. He was arrested for possession of marijuana, possession of drug paraphernalia, and cultivation of marijuana.

RETROACTIVE APPLICATION ARTICLE 893
Defendant argues Acts 2001, No. 403, § 6, amending La.Code Crim.P. art. 893 and effective June 15, 2001, affords him the benefit of probation, parole, or suspension of sentence since he was sentenced after the acts' effective date, even though the offense was committed prior *76 to its effective date. Since this issue affects the outcome of Defendant's other assignments of error, we shall review it first.
Defendant contends that the amendments to Article 893 apply to persons convicted after June 15, 2001, and thus, the trial court erred when it applied the law in effect at the time of the offense when sentencing him. The State asserts that the sentencing provisions of La.R.S. 40:966(A) and La.Code Crim.P. art. 893 in effect prior to the most recent amendments apply to Defendant, which precludes him from receiving benefits.
The Louisiana Supreme Court recently rendered three opinions on the same day that made important distinctions between the Legislature's enactment of 2001 Acts, No. 403, which amended Article 893, and Acts 2001, No. 1163, which concerns the DWI statute. First is State v. Michael J. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526. Defendant relies on this case as authority for his contention that the new amendment should be retroactively applied to his sentence.
In Mayeux, the supreme court stated that the enactment of Act 1163, which amended the sentencing provisions of La. R.S. 14:98, applied to defendants convicted after the effective date of the statute based on "1) the words `upon conviction'; 2) the legislative purpose of favoring treatment over incarceration; and 3) allowing home incarceration for those previously convicted." Id. at 530. The supreme court acknowledged the longstanding rule that the law in effect at the time of the offense determines the applicable penalty. However, the supreme court noted that the enactment of Act 1163, in relation to the DWI law, made changes to how the sentence was to be served, in addition to the Legislature stating its underlying policy considerations for the changes. The changes were not merely adjustments to the term of imprisonment. Therefore, the new amendment applied to cases where the conviction occurred after the effective date.
In State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518, the defendant was sentenced to five years imprisonment for possession of heroin and alprazolam, and six months in parish jail for possession of marijuana, with a fine, court costs, and commission fees. The crimes were committed in 1998, and he was sentenced after the amendment to La.R.S. 40:966(C) became effective on June 15, 2001. The supreme court stated:
Policy reasons mitigate against holding that the amendment to LSA-R.S. 40:966(C) applies to anyone sentenced after June 15, 2001, regardless of when the offense was committed. To do so would encourage defendants to continually delay prosecution in hope that the legislature would enact more lenient sentences. Additionally, it would be grossly unfair to two defendants who commit the same crime on the same day to be sentenced under different penalties should one defendant successfully delay punishment until after the benefits of a reduced penalty go into effect.
Id. at 522 (footnote omitted). Furthermore, the supreme court reasoned that, had the Legislature intended for the amendment to be retroactive, it would have expressly stated so in the act. Id. See also State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166. The act amending La.R.S. 40:966(A) does not expressly state that the amendment is to be applied retroactively.
In Sugasti, the supreme court distinguished Act 403 from Act 1163 by writing:
We distinguish Act 403 from the provisions of 2001 La. Acts No. 1163, which amended the sentencing provisions of *77 LSA-R.S. 14:98(E) related to driving while intoxicated. The new provisions in Act 1163 retained the sentencing ranges provided for third and fourth offense driving while intoxicated violations, but radically changed the way the offender may or must serve the sentence imposed by the court. The statute encompassing the penalty provisions specifically states "upon conviction" the defendant shall be punished to a specific term. Additionally, the act did not include language specifying "prospective only" application. Act 1163 simply went into effect on August 15, 2001.
Id. at 521 (footnote omitted).
In State v. Wayne Mayeux, 01-3408 (La.6/21/02), 820 So.2d 524, the supreme court held that a defendant, charged with possession of heroin in June 2000, and convicted of the charge in September 2001, after the effective date of amended Article 893, would be sentenced under the law in effect at the time of the offense. The court ruled, "The fact that a statute is subsequently amended to lessen the possible penalty does not extinguish liability for the offense committed under the former statute." Id. at 525. This case supports the general rule stated in Sugasti, that the statute in effect at the time the offense was committed governs the sentence of the defendant, but the case only briefly mentioned the newly amended Article 893. However, the supreme court did defer to the assigned reasons contained in Sugasti, which adequately discussed Act 403 and its effect on the sentencing provisions of Article 893.
Defendant overlooks the clear reading of the act itself. Act 403, § 6 provides that "[t]he provision of this Act shall only have prospective effect." It is clear the Legislature intended the newly amended provision of Article 893 to apply to only those defendants whose crimes were committed after June 15, 2001; the fact that the new provision became effective before Defendant's conviction does not extinguish his liability for the offense committed under the prior statute. Therefore, the penalty provision under the prior law is applicable to this case. This assignment of error is without merit.

EXCESSIVE SENTENCE
Defendant alleges, in this assignment of error, that the sentence imposed was cruel, unusual, and constitutionally excessive. Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence within the statutory limits may still be deemed excessive under the particular circumstances of the case. State v. Sepulvado, 367 So.2d 762 (La.1979). He also contends his sentence is constitutionally excessive in light of the fact that the marijuana he was growing was for his own personal use.
Defendant was convicted of cultivation of marijuana in violation of La.R.S. 40:966(A), which carries a term of imprisonment at hard labor for not less than five years nor more than thirty years, and a fine of not more than fifty thousand dollars. As we have noted, he was sentenced to the minimum allowed under the statute in effect at the time of the offense, which was five years at hard labor without benefit of probation, parole, or suspension of sentence.
At the hearing on the motion for reconsideration of sentence, Defendant argued that the marijuana plants were for his personal use and the small amount found on his premises did not warrant such an excessive sentence. In response to this contention, the trial court stated:
I struggled with it, I wish you could have gotten a plea less than what it was, but that's exactly what it is,

*78 Whether it was a small amount or baby plants or however you want to consider it. I think the legislature, you know, they chose five years, that may be high. I don't think it's cruel and unusual, okay. They put in a provision that it would be five years served without benefit of parole, probation, or suspension of sentence. I'm not going to declare the statute unconstitutional, so your motion for reconsideration is denied.
A sentence which falls within the statutory limits may, nevertheless, be excessive under the circumstances. Sepulvado, 367 So.2d 762; State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice, or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Brown, 94-1290 (La.1/17/95), 648 So.2d 872, State v. Campbell, 404 So.2d 1205 (La.1981); State v. Dubroc, 99-730 (La.App. 3 Cir. 12/15/99), 755 So.2d 297. The trial court is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982). The five year sentence is not so grossly disproportionate as to shock our sense of justice, particularly in light of Defendant's prior criminal record and the fact that it is the minimum sentence allowed under the law for the crime to which he has pled guilty. Defendant has failed to show his sentence is constitutionally excessive. Accordingly, this assignment of error is without merit.

COMPLIANCE WITH ARTICLE 894.1
In this assignment of error, Defendant claims that the trial court failed to adequately articulate reasons and the factual basis for the sentence, relying on La. Code Crim.P. art. 894.1. In State v. Hopkins, 96-1063, p. 4 (La.App. 3 Cir. 3/5/97), 692 So.2d 538, 541, we stated with respect to the issue of compliance with that article:
The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive lacking a manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La.Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph (c) of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not require a remand for resentencing. State v. Cottingin, 476 So.2d 1184 (La.App. 3 Cir.1985), appeal after remand, 496 So.2d 1379 (La.App. 3 Cir. 1986); State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ denied, 433 So.2d 166 (La.1983).
See also State v. Iron, 00-1238 (La.App. 3 Cir. 2/14/01), 780 So.2d 1123, writ denied, 01-1232 (La.3/15/02), 811 So.2d 898.
*79 As stated in State v. Cottingin, 476 So.2d 1184, 1186 (La.App. 3 Cir.1985) (citation omitted):
There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant. In addition, it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines.
Furthermore, in State v. Campbell, 404 So.2d 1205, 1207 (La.1981), quoting State v. Bonanno, 384 So.2d 355, 358 (La.1980), the court stated,
To determine whether the penalty is so grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice. State v. Beavers, 382 So.2d 943 (La.1980).
Defendant contends the marijuana plants were for his own personal use and not for sale or distribution. He also alleges that his cooperation with the police, coupled with letters from his wife and supervisor attesting to his character, should have been considered as mitigating factors in his sentencing.
The trial court noted it had reviewed all of the information pertaining to Defendant, namely the pre-sentence report and Defendant's supplemental report, which contained letters from his friends and family. The trial court also considered Defendant's work history and a prior felony offense in 1991. It was also noted that Defendant cooperated with the police, was gainfully employed, paying his child support, and had a relatively small amount of marijuana for his personal use.
We find that the trial court complied with the sentencing guidelines under Article 894.1. The trial court imposed the minimum term of imprisonment under La. R.S. 40:966, and noted Defendant's prior felony conviction as the basis for the sentence. In this instance, we hold that the mandatory minimum sentence of five years is not excessive. This assignment of error is also found to be without merit.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we note there is one error patent. The trial court informed Defendant of the two-year period for filing post-conviction relief at the time of the guilty plea, rather than at the time of sentencing as required by La.Code Crim.P. art. 930.8. In State v. Green, 94-617 (La.App. 3 Cir. 12/7/94), 647 So.2d 536, we found such notice to be sufficient. However, out of an abundance of caution, we asked the trial court to inform the defendant of the prescriptive period for filing post-conviction relief by sending appropriate written notice within ten days of the rendition of our opinion and to file written proof that the defendant received notice in the record of these proceedings. Accordingly, the trial court is asked to do the same in this case.

CONCLUSION
Defendant's sentence is affirmed. Additionally, the trial court is requested to inform him of the prescriptive period for filing post-conviction relief by sending appropriate written notice within ten days of the rendition of this opinion and to file *80 written proof that he received notice in the record of these proceedings.
AFFIRMED.