860 So.2d 170 (2003)
STATE of Louisiana
v.
Craig S. PARENT.
No. 03-KA-653.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2003.
*171 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alan D. Alario, II, Assistant District Attorneys, Gretna, LA, for the State of Louisiana, Plaintiff-Appellee.
Craig Parent, Louisiana State Prison, Angola, LA, pro se.
Panel composed of Judges EDWARD A. DUFRESNE, THOMAS F. DALEY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This is Craig Parent's second appeal in this matter.[1] The Jefferson Parish District Attorney charged defendant by bill of information with three counts of intimidating a witness (Counts 1, 4 and 7); unauthorized entry of an inhabited dwelling (Count 2); unauthorized use of a motor vehicle (Count 3); simple burglary (Count 5); and extortion (Count 6). Defendant was tried by a 12-person jury on June 12, 13, 14, 15, 18, 19, 20 and 21, 2001. At the conclusion of trial, the jury returned verdicts of guilty as charged as to all counts. The judge subsequently denied defense motions for new trial and post-verdict judgment of acquittal.
On July 25, 2001, the trial court sentenced defendant to five years at hard labor on each of Counts 1, 4 and 7. As to Count 2, the court sentenced defendant to six years at hard labor. The court sentenced defendant to ten years at hard labor on Count 3. As to Count 5, the court sentenced defendant to 12 years at hard labor. The court sentenced defendant to 15 years at hard labor on Count 6. The court further ordered that the sentences *172 all be served consecutively to each other. The court directed that, pursuant to LSA-C.Cr.P. art. 890.1, defendant would be denied diminution of sentence on Count 6. The State filed a habitual offender bill of information on July 25, 2001, alleging defendant to be a third felony offender. Defendant was arraigned that day, and he denied the allegations in the habitual offender bill. In the meantime, defendant appealed his convictions and sentences to this Court.
The habitual offender bill came on for hearing on September 19, 2001. The State submitted the matter on documentary evidence, and did not offer testimony. The trial court found defendant to be a third felony offender. On that day, the trial court vacated the sentence as to Count 6 of the bill of information, and imposed an enhanced sentence of 30 years at hard labor. The court ordered that the sentence run consecutively to the sentences previously imposed, and that it was to be served without benefit of probation or suspension of sentence.
On October 2, 2001, the State filed a motion to correct illegal sentence as to Count 6, arguing the trial court erred in sentencing defendant in conformity with new revisions to the Habitual Offender Law, when the law required that he be sentenced according to the version of LSA-R.S. 15:529.1 in place at the time of the underlying offenses.
On November 9, 2001, defendant filed a pro se Motion for Reconsideration of Sentence. On November 15, 2001, the trial court issued an Order denying the motion on grounds that defendant had a pending appeal, and that the trial court no longer had jurisdiction.
On October 10, 2002, after the appellate record was lodged in this Court, the trial court granted the State's motion to correct illegal sentence, finding that the applicable habitual offender sentencing provisions were those in effect at the time defendant committed the underlying offense. On that day, the trial court re-sentenced defendant to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. Defendant made an oral motion for appeal and an oral motion to reconsider sentence with respect to the amended habitual offender sentence. Defendant followed with pro se written motions for appeal and for reconsideration of sentence. The trial court granted defendant's motion for appeal. The court denied defendant's motion to reconsider sentence.
This Court issued an opinion affirming defendant's convictions and his original sentences. State v. Parent, 02-835 (La. App. 5 Cir.12/30/02), 836 So.2d 494. The habitual offender sentence was not at issue in the first appeal. The instant appeal concerns only the legality of the amended habitual offender sentence imposed on Count 6. Defendant now represents himself.

FACTS
The circumstances leading to defendant's arrest and convictions are contained in this Court's original opinion. See, State v. Parent, 02-835 (La.App. 5 Cir.12/30/02), 836 So.2d 494.

ASSIGNMENTS ONE AND TWO
By his first two assignments, defendant complains that the trial court erred in granting the State's motion to correct illegal sentence, and thereafter re-sentencing him under the provisions of the Habitual Offender Law in effect at the time of the commission of the underlying offense. Defendant argues that the court should have applied the version of the law in effect when the court found him to be a third felony offender.
*173 The bill of information alleges that the enhanced offense, extortion (LSA-R.S. 14:66) occurred on or about March 18, 2000. Defendant was found to be a third felony offender and sentenced as such on September 19, 2001. The predicate felonies alleged in the habitual offender bill of information were issuing worthless checks valued at over $100 (LSA-R.S. 14:71) and attempted armed robbery (LSA-R.S. 14:27:64).
At the time of the underlying offense, LSA-R.S. 15:529.1 A(1)(b)(ii) provided:
If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
(Emphasis supplied).
In 2001 La. Acts, No. 403, effective June 15, 2001, the State legislature amended the sentencing provisions in several statutes. The revised version of LSA-R.S. 15:529.1(A)(1)(b)(ii) states:
If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
(Emphasis supplied).
Defendant's underlying offense of extortion is punishable by more than 12 years, and attempted armed robbery is a crime of violence. However, the issuing of worthless checks valued at over $100 is not classified as a violent crime, nor is it punishable by more than 12 years' imprisonment. Under the earlier version of LSA-R.S. 15:529.1, either the instant conviction or the attempted armed robbery conviction was sufficient to make defendant eligible for a mandatory life sentence. Under the amended version, however, defendant would not be subject to a mandatory life sentence. Rather, he would be sentenced under LSA-R.S. 15:529.1 A(1)(b)(i), with a sentencing range of ten to 30 years.
In cases involving the issue of habitual offender sentencing following the effective date of Act 403, this Court has held that the applicable sentencing provisions are those in effect when the underlying offense is committed. State v. Harris, 02-873, pp. 3-4 (La.App. 5 Cir.1/28/03), 839 So.2d 291, 292-293; State v. Ventress, 01-1165, p. 8 (La.App. 5 Cir.4/30/02), 817 So.2d 377, 383; State v. Flagg, 01-965, pp. 4-8 (La. App. 5 Cir.3/26/02), 815 So.2d 208, 209-212. In State v. Sugasti, 01-3407, p. 7 (La.6/21/02), 820 So.2d 518, 521-522, the Louisiana Supreme Court commented on the effect of Act 403 on the sentencing of a defendant charged with possession of heroin:
There is a strong presumption against retroactivity of statutes. Louisiana law dictates that "no Section of the Revised Statutes is retroactive unless it is expressly so stated." LSA-R.S. 1:2. The legislature plainly stated an intention that the sentencing changes apply prospectively only.
....

*174 Everyone is presumed to know the law, including the penalty provisions that apply. As such, those who engage in criminal activity must face the consequences of their actions, including the penalty provisions that apply as of the date of the offense.
Defendant contends that the holding in Sugasti is inapplicable to the instant case because Sugasti involved revised sentencing provisions for possession of heroin, and not the Habitual Offender Law. The supreme court, however, addressed this point in State v. Barnes, 02-2059 (La.4/4/03), 845 So.2d 354. The court stated, "Under the rule set out in Louisiana jurisprudence, the changes mandated by 2001 La. Acts 403 do not apply to sentences imposed for crimes committed before the act's effective date. Operation of this rule extends to habitual offender sentences imposed pursuant to 15:529.1." (Citations omitted).
Considering the foregoing, the trial court did not err in re-sentencing defendant according to the statutory provisions in effect at the time he committed the underlying offense. This assignment of error merits no consideration.

ERROR PATENT DISCUSSION
By his third assignment, defendant requests a review of the record for errors patent. Defendant received a full errors patent review on his first appeal. He is entitled only to a review of the record on re-sentencing. State v. Gassenberger, 02-658, p. 5 (La.App. 5 Cir.12/11/02), 836 So.2d 271, 274. No patent errors were found in the instant record.
Accordingly, for the reasons assigned herein, the sentence of defendant, Craig S. Parent, is affirmed.
AFFIRMED.
NOTES
[1] The record pertaining to defendant's original appeal is numbered 02 KA 835, and is included in the instant record as an exhibit.