STATE OF LOUISIANA                          NO. 24-KH-180

VERSUS                                      FIFTH CIRCUIT

JOHN ELMER                                  COURT OF APPEAL

                                            STATE OF LOUISIANA

_____ May 29, 2024 _____

Susan Buchholz
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

**IN RE** JOHN ELMER

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE CONNIE M. AUCOIN, DIVISION "C", NUMBER 17,740

---

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**WRIT GRANTED FOR A LIMITED PURPOSE**

Relator, John Elmer, seeks review of the 29th Judicial District Court's March 19, 2024 ruling denying his Motion to Clarify Sentence or Correct an Illegal Sentence. Specifically, the court refused the requests to correct Relator's sentence for count six by "includ[ing] the possibility of parole" and to order the DOC to "compute a parole date." We grant the writ for a limited purpose for the following reasons.

In January 2019, a non-unanimous jury found Relator guilty of molestation of a juvenile under the age of thirteen (counts three through five), and unanimously found him guilty of molestation of a juvenile over the age of thirteen but under seventeen (count six). *State v. J.E.*, 19-478 (La. App. 5 Cir. 9/2/20), 301 So.3d 1262. Relator was found not guilty on counts one, two, seven, and eight. *Id.* On June 17, 2019, the trial court sentenced Relator on count six to twenty years imprisonment at hard labor without eligibility to have the conviction set aside or dismissed under La. C.Cr.P. art. 893, and on counts three through five to ninety-nine years imprisonment at hard labor on each count to be served without benefit of probation, parole, or suspension of sentence. *Id.* The trial court also ordered counts three, four, and five to run concurrently with each other and consecutively to count six. *Id.* On September 2, 2020, this Court affirmed Relator's conviction and sentence on count six, vacated his convictions and sentences on counts three through five pursuant to *Ramos v. Louisiana*, 590 U.S. --, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), and remanded the matter to the trial court for further proceedings. *Id.* On February 9, 2021, the Louisiana Supreme Court denied Relator's writ applications. *State v. Elmer*, 20-1227 (La. 2/9/21), 310 So.3d 175,

and *State v. Elmer*, 20-1131 (La. 2/9/21), 310 So.3d 182, *cert. denied*, -- U.S. --, 141 S.Ct. 2831, 210 L.Ed.2d 948, 210 L.Ed.2d 948 (2021).

At the time of the instant offense, count six - La. R.S. 14:81.2 provided[1], in pertinent part:

> B. (2) Whoever commits the crime of molestation of a juvenile, when the victim is thirteen years of age or older but has not yet attained the age of seventeen, and when the offender has control or supervision over the juvenile, shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than five nor more than twenty years, or both. The defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with Code of Criminal Procedure Article 893.

The UCO provided by Relator correctly indicates that his sentence for count six is twenty years in accordance with the June 17, 2019 sentencing transcript but Relator contends that "subsequent action" by this court (*i.e.*, this court vacated Relator's convictions and sentences on counts three through five on appeal) rendered the UCO "inaccurate." At the hearing, the trial court expressed concern about whether a new UCO was issued after this court's opinion in *Elmer*, *supra*. In response to the court's inquiry about the notation that appears on the UCO, the prosecutor replied that he was unaware of who wrote "wrong charge" on the UCO or made the notation "vacated" next to Relator's convictions for counts three through five. The trial court then expressed concern that a new UCO should have been created as the UCO "was no longer valid" with respect to counts three through five. The State requested that the district court "deny the motion and, at a minimum, expressly state that the 20-year sentence is not to be served with eligibility for parole, probation, or suspension of sentence." The State also argued "Based on the pattern established by the sentences for Counts 3, 4 and 5, this Court has every reason to believe that the trial court had no intention to grant parole on the shortest of the sentences." Counsel for Relator did not appear at the hearing. At the conclusion of the hearing, the trial court denied Relator's request that the sentence for count six "include the possibility of parole" and further denied Relator's request to order the DOC to "compute a parole date."

In this writ application, Relator requests that this court remand this case to the trial court to "restore parole eligibility" as to count six. However, as shown above, La. R.S. 14:81 B(2) does not provide for the denial of benefits such as parole and the UCO correctly reflects Relator's sentence of twenty years in conformity with the June 17, 2019 sentencing transcript. Therefore, no corrective action as to count six is required by this court given Relator's UCO does not contain any parole restriction on count six. Moreover, parole eligibility is determined under La. R.S. 15:574.4, *et seq*. "Once an inmate has fulfilled the terms of the sentence imposed by the district court, the Department of Corrections determines whether the inmate is eligible to be considered for parole." *See State v. Chiasson*, 17-1195, 2017 WL 5952331 (La. App. 1 Cir. 11/30/17). Thus, neither we nor the district court are authorized to determine Relator's parole eligibility.

Because Relator's case does not appear in the 29th Judicial District Court's database, this court cannot determine if a new UCO was created after this court's opinion in *Elmer*, *supra*, vacated relator's convictions and sentences on counts

---

[1] *See State v. Sugasti*, 01-3407 (La. 6/21/02), 820 So.2d 518, 522 (It is well-settled that in most instances, the penalty of the offense is determined as of the date of the offense.).

three through five.  Accordingly, to eliminate any further confusion over Relator's UCO, the writ application is granted for the limited purpose of ordering the 29th Judicial District Court to correct the UCO to reflect Relator's conviction and sentence after this court's opinion in *Elmer*, *supra*, and direct its Clerk of Court to transmit the corrected UCO to the appropriate authorities and the Department of Corrections' legal department in accordance with La. C.Cr.P. art. 892(B)(2), if it has not already done so. *See State v. Allen*, 19-377 (La. App. 5 Cir. 4/30/20), 296 So.3d 1096, 1106-07, *writ denied*, 20-795 (La. 12/8//20), 306 So.3d 431.

Gretna, Louisiana, this 29th day of May, 2024.

**MEJ**
**SJW**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **05/29/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

**24-KH-180**

### E-NOTIFIED

29th Judicial District Court (Clerk)
Honorable Connie M. Aucoin (DISTRICT JUDGE)
John J. Mason (Relator)

### MAILED

Hon. Joel T. Chaisson, II (Respondent)
District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057