798 So.2d 1179 (2001)
STATE of Louisiana
v.
Marvin LEGENDRE.
No. 2001-K-1483.
Court of Appeal of Louisiana, Fourth Circuit.
October 3, 2001.
*1180 Harry F. Connick, District Attorney, Paige S. Cline, Assistant District Attorney, Aimee Peralta, Loyola Law Clerk, New Orleans, LA, Counsel for Relator.
Court composed of Judge STEVEN R. PLOTKIN, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR.
Judge MICHAEL E. KIRBY.
The defendant, Marvin Legendre, was charged with possession of heroin on June 13, 2001, a violation of La. R.S. 40:966. At the time of the commission of the offense the statute provided a penalty of "imprisonment at hard labor for not less than four years nor more than ten years without benefit of probation or suspension of sentence." La. R.S. 40:966(C)(1). Between the date of the offense and sentencing the Legislature amended the sentencing statute to delete the words "without benefit of probation or suspension of sentence." See Acts 2001, No. 403. Section 6 of the act provides that its provisions "shall only have prospective effect." It became effective June 15, 2001.
On July 19, 2001 the defendant pled guilty, waived sentencing delays and was sentenced to five years at hard labor with the Department of Corrections, which was suspended, and he was placed on active probation for two years with certain special conditions. The State filed this writ application contending the sentence imposed by the trial court is illegal. We agree.
It is well settled that the penalty provision in the statute in effect at the time of the commission of the offense governs. State v. Ragas, 98-0011 (La.App. 4 Cir. 7/28/99) 744 So.2d 99. A subsequent amendment of the statute to reduce the penalty does not extinguish liability for the offense committed under the former statute. State v. Narcisse, 426 So.2d 118 (La. 1983).
We have reviewed the sentencing transcript and note that the only reason given by the trial court for the lesser sentence was his belief "that since the Court is giving this sentence after the effective date of the Act, that is prospective to the effective date of the Act." No other reasons were given by the trial court for a downward departure from the mandatory minimum sentence provided by the statute. Thus the sentence is illegal and must be vacated.
We further note in the Boykin colloquy that the trial court inquired of the defendant:
THE COURT:
Do ... you understand that your attorney and the district attorney and myself have discussed the facts of your case, I've told your attorney what your sentence would be if you entered this plea, has your attorney explained that to you?
MR. LEGENDRE
Yes, sir.
*1181 To the extent that this exchange between the Court and the defendant may be evidence of an inducement for the defendant to enter a guilty plea in exchange for a suspended sentence, we reserve to the defendant the right to move for withdrawal of his guilty plea.
WRIT GRANTED; SENTENCE VACATED; REMANDED.