798 So.2d 1181 (2001)
STATE of Louisiana
v.
John CARTER.
No. 2001-K-1560.
Court of Appeal of Louisiana, Fourth Circuit.
October 3, 2001.
Harry F. Connick, District Attorney, Paige Cline, Assistant District Attorney, Brandi Hilden, Assistant District Attorney, Aimee Peralta, Loyola Law Clerk, New Orleans, LA, Counsel for Relator.
Court composed of Judge STEVEN R. PLOTKIN, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR.
Judge MAX N. TOBIAS, JR.
The defendant, John Carter, was charged with violating La. R.S. 40:966(A), possession of heroin, on 31 May 2001, which provided for a sentence of "imprisonment at hard labor for not less than four years nor more than ten years without *1182 benefit of probation or suspension of sentence." La. R.S. 40:966(C)(1). After commission of the crime, but before the sentencing, the Legislature amended this statute to delete the language "without benefit of probation or suspension of sentence." See Acts 2001, No. 403. Section 6 of the Act specifically provides that its provisions "shall only have prospective effect." The act became effective on 15 June 2001.
Following a finding of probable cause and a denial of a motion to suppress, the defendant entered a plea of guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976). At the defendant's sentencing on 10 August 2001, the trial court sentenced him to four years at hard labor, but suspended the sentence with two years of active probation, a $450.00 fine to the Judicial Expense Fund of Criminal Court, a $50.00 fine payable to the Indigent Transcript Fund, and ordered his active participation in a drug rehabilitation program to be determined by his probation officer. The State filed the instant writ claiming that the sentence issued by the trial court is illegal. We agree.
It is well settled that the penalty set out in a statute at the time of offense applies. State v. Ragas, 98-0011 (La.App. 4 Cir. 7/28/99), 744 So.2d 99. The fact that a statute is subsequently amended to lessen the possible penalty does not extinguish liability for the offense committed under the former statute. State v. Narcisse, 426 So.2d 118 (La.1983).
We have reviewed the sentencing transcript and have found no reasons stated by the trial court for a downward departure of the mandatory minimum sentence provided by the statute. Therefore, the sentence is illegal and must be vacated. The matter is remanded to the trial court for resentencing.
WRIT GRANTED; SENTENCE VACATED; REMANDED.