_JjAMY, Judge.
The defendant was convicted of operating a vehicle while intoxicated, third offense. The defendant appeals his sentence arguing that it is excessive. We affirm.
Factual and Procedural Background
On December 5, 2000, Dale Allien, the defendant, and Ellis Kennon, the defendant’s former brother-in-law, were observed by Roy Thompson loading wood onto the back of Allien’s truck. Mr. Thompson approached the two men and advised them that they were on leased property and asked them to leave. At trial, Mr. Thompson testified that he saw the two men drinking and called the La-Salle Parish Sheriffs Department around 2:00 p.m. to advise them of the possible drinking and driving of Allien.
Louisiana State Trooper Scott Franklin received a call from the dispatch advising him to keep a lookout for Allien’s truck. At approximately 5:00 p.m., Trooper Franklin spotted Allien’s truck and began to follow him for observation. Trooper Franklin testified that he observed Allien driving on the left-hand side of the road. Consequently, Trooper Franklin stopped Allien and initiated a field sobriety test. According to Trooper Franklin’s report and testimony, Allien had slurred speech and was swaying and staggering, unable to retain his balance. Based on the defendant’s behavior, Trooper Franklin arrested Allien for operating a vehicle while intoxi--cated. The trooper then administered a breath alcohol examination which indicated a blood alcohol level of .130%.
On January 8, 2001, the defendant was charged by bill of information with operating a vehicle while intoxicated, third offense, pursuant to La.R.S. 14:98(D). A trial was held on June 28, 2001. The trial court found the defendant guilty of operating a vehicle while intoxicated, third offense. On August 1, 2001, the | ..defendant was sentenced to five years at hard labor with thirty months of the five-year sentence suspended. The trial court also ordered in-patient treatment for alcohol abuse. After release from prison, the defendant was sentenced to five years of supervised probation. During probation, the defendant was ordered to attend four Alcoholics Anonymous meetings per week. Additionally, the defendant must pay a fine of $2,000.00 plus costs. The defendant filed a motion to reconsider his sentence, and a hearing was held at which the trial court denied the motion.
The defendant now appeals arguing that his sentence is constitutionally excessive. Specifically, Allien argues that the August 15, 2001 change in the sentencing provisions of La.R.S. 14:98 required the trial *745 court to reconsider the sentence. For the following reasons, we affirm.
Discussion
In his sole assignment of error, the defendant argues that the trial court committed manifest error by imposing a constitutionally excessive sentence. The defendant submits that the Louisiana legislature amended the penalty provisions for operating a vehicle while intoxicated, third offense, to require only thirty days of a prison sentence to be imposed without the benefit of probation, parole, or suspension of sentence and the remainder of the sentence to be suspended with the offender undergoing an evaluation to determine the extent of the substance abuse disorder. This revision was effective August 15, 2001. Thus, the defendant, in his brief, argues that “[t]he legislature has made it abundantly clear that it is the specific intent that individuals convicted of OWI third offense will get treatment rather than incarceration.”
In reviewing the excessiveness of a sentence, this court has previously stated:
|aTo constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981), (quoting State v. Bonanno, 384 So.2d 355 (La.1980)); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
State v. Ethridge, 96-1050, pp. 3-4, (La.App. 3 Cir. 2/5/97); 688 So.2d 1274, 1275. Thus, this court will not alter the sentence imposed by the trial court absent a manifest abuse of discretion.
First, we turn to the defendant’s argument that the trial court erred in failing to reconsider his sentence pursuant to the revision of La.R.S. 14:98(D)(1). The provision of La.R.S. 14:98(D)(1), in effect at the time of the defendant’s offense, states:
D. (1) On a conviction of a third offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years, and shall be fined two thousand dollars. At least six months of the sentence of imprisonment imposed shall be without benefit of probation, parole, or suspension of sentence. If a portion of the sentence is imposed with benefit of probation, parole, or suspension of sentence, the court shall require the offender to participate in a court-approved substance abuse program and participate in a court-approved driver improvement program.
At his motion to reconsider the sentence, the defendant argued that his sentence should be reconsidered and a new one imposed retroactively under the revised La.R.S. 14:98(D)(l)(a), which states:
D. (l)(a) On a conviction of a third offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall |4be imprisoned with or without hard labor for not less than one year nor more than five years and shall *746 be fined two thousand dollars. Thirty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender’s substance abuse disorder.
As noted above, the defendant argues that the trial court erred in failing to reconsider his sentence and revise it pursuant to the change in La.R.S. 14:98. However, “[i]t is well settled that the penalty set out in a statute at the time of the offense applies.” State v. Carter, 01-1560, p. 2 (La.App. 4 Cir. 10/3/01); 798 So.2d 1181, 1182. See also State v. Ragas, 98-0011 (La.App. 4 Cir. 7/28/99); 744 So.2d 99. During the motion to reconsider the trial judge stated:
THE COURT: Okay. I find as a matter of law that the Court is not permitted to substitute the minimum, mandatory provisions of Title 14 Section 98 as it existed at the time of the offense, which would have been December the 5th of 2000. The law said one thing — it provided for one thing — and, that’s the law that I’ve got to go under. While the legislature may intend' to modify offenses occurring beginning August 15th forward, the Court is powerless to impose those types of things on it — on a defendant who was convicted of an offense that occurred prior to it. In other words, the Court can’t do it and the Court will not do it. There were 9 arrests for alcohol related activities. There were 4 convictions for alcohol related crimes, including this third offense DWI that the defendant was presently convicted of.
Thus, because the trial court sentenced the defendant pursuant to the statute in effect at the time of the offense, the trial court did not commit a manifest abuse of discretion by denying Allien’s motion for reconsideration.
Next, we consider the constitutional excessiveness of the defendant’s sentence. For a sentence to be constitutionally excessive, the sentence must be “so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to penal goals and therefore, is [.^nothing more than a purposeless and needless imposition of pain and suffering.” State v. Roberts, 99-603, p. 7 (La.App. 3 Cir. 11/6/96); 683 So.2d 1335, 1340.
As the trial judge noted in the motion to reconsider, the defendant has nine alcohol related arrests. During sentencing the trial judge stated:
The maximum for a third offense DWI — as I’m sure you’re well informed of, because I know you’ve heard a plea colloquy at least one time in this — is five years with or without hard labor and a $2000 fine, plus cost. And, of course, if any part is suspended, then there are certain conditions that have to be placed on it. Mr. Allien, I find that your first involvement of record, that was disclosed, occurred on February 3, 1990, when you were arrested for your first DWI. Actually, there was no bill of information filed then. And, the second time, you were arrested was on August 15, 1993 for a DWI second and of course, you were found not guilty after a bench trial on that one. October 20th of '93, disturbing the peace by intoxication, no disposition was found. October 20th, same day, of 1993 an open container, there was no disposition found on that. June 26, 1994, first offense DWI, there was a guilty plea there. June 26, 1996, disturbing the peace by intoxication. You pled there and paid a fine. May 4, 1997, disturbing the peace by intoxication, no disposition found. July 2, *747 1997, DWI second, there’s a guilty adjudication there. And, of course, the last one December 2, 2000 was your third offense and there’s an adjudication for that also. Offenses against the person, only three. November 27, 1983 there was a contributing to the delinquency of a juvenile, no bill was filed. June 29th '92, an aggravated assault, you pled guilty to that. September 4, 1994, a sexual battery, no bill was filed. And, Title 32 violations, only three. You had a DUS, a following too close and an improper lane usage and that was the one that was in association with this particular DWI.
However, in mitigation of his sentence, the defendant contends that he was' not involved in an accident at the time of the stop. Also, the defendant points out that besides his alcohol-related offenses, he has no significant criminal history. Lastly, the defendant argues that the trial court and the State failed to present sufficient facts into the sentencing record to justify the two and one-half year prison sentence at hard labor.
IfiWe note, as did the trial court, that the defendant’s record contains several alcohol-related arrests. The trial court also noted that because of his alcohol abuse, the defendant does not contemplate the serious threat that his behavior is to others. The sentence ordered by the trial court is within the sentencing guidelines of La.R.S. 14:98 at the time of the offense. The sentence is neither excessive, nor unconstitutional.
DECREE
For the above reasons, we affirm the sentence of Dale K. Allien.
AFFIRMED.