836 So.2d 2 (2002)
STATE of Louisiana
v.
Kenneth WILSON.
No. 2001-K-2815.
Supreme Court of Louisiana.
November 22, 2002.
*3 PER CURIAM.
In April of 2000, defendant robbed a teller at the Minden Bank and Trust. The district court convicted defendant of first degree robbery, his fourth felony offense.[1] The version of the Habitual Offender Law in effect at that time mandated the imposition of a life sentence without the benefit of parole, probation, or suspension of sentence if "the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13)." La.Rev.Stat. 15:529.1(A)(1)(c)(ii). Although defendant's three prior offenses were all non-violent (two convictions for issuing worthless checks and one for illegal possession of stolen things), the first degree robbery of which he was convicted is defined as a crime of violence under La.Rev.Stat. 14:2(13). Accordingly, the district court imposed the mandatory life sentence.
The court of appeal found the evidence insufficient to support a first degree robbery conviction, and accordingly reduced defendant's conviction to simple robbery, which is also indicated as a crime of violence under La.Rev.Stat. 14:2(13); as a result, the original life sentence without the benefit of parole, probation, or suspension of sentence would apply to the new conviction. The court of appeal therefore affirmed the prison term without remanding the case to the trial judge for sentencing.
Defendant alleges on appeal to this court that the life sentence imposed by the former version of the Habitual Offender Law is unconstitutionally excessive, because his three prior felonies were non-violent, and because the legislature has recently amended the Habitual Offender Law to mandate a life sentence only where the fourth felony, as well as two of the prior offenses are defined as crimes of violence.[2] Defendant contends that the *4 court of appeal should have reduced the sentence, or remanded his case for re-sentencing after reversing the first degree robbery conviction and affirming a simple robbery conviction. We agree only that the court of appeal should have remanded the case for sentencing because the trial judge has the authority and the duty to impose the sentence fully cognizant of the nature of the crime for which defendant is being sentenced.
Furthermore, "[t]he imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment...." State v. Sepulvado, 367 So.2d 762, 767 (La.1979); see also State v. Dorthey, 623 So.2d 1276 (La.1993) (case remanded to district court to determine whether minimum sentence mandated by Habitual Offender Law was unconstitutionally excessive). In State v. Johnson, 709 So.2d 672 (La.1998), this court held that the mandatory minimum sentence of twenty years imprisonment was not unconstitutionally excessive for possession of cocaine by defendant as fourth-felony offender, even though defendant had no history of prior violent crimes. However, in Johnson this court was presented with the question of "under what rare circumstances a sentencing court should exercise its authority to declare excessive a minimum sentence mandated by the Habitual Offender Law." We noted that a court should begin its analysis with the presumption that mandatory sentencing guidelines adopted by the legislature are constitutional. Id. at 676. To rebut the presumption of constitutionality, a defendant must show something more than a record of non-violent offenses. Instead, he must clearly and convincingly show that "[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." Id.
Because the court of appeal reduced defendant's conviction from first degree robbery to simple robbery, the district court judge did not have the opportunity to impose the life sentence in light of the lesser conviction. Defendant is entitled to have the district court impose the sentence anew, and, in connection therewith, to present evidence and/or argument to the district court judge that a sentence of life imprisonment without the benefit of parole, probation, or suspension of sentence is unconstitutionally excessive because of the reduced conviction, the non-violent nature of the prior offenses, and the fact that the legislature has amended the Habitual Offender Law to provide a more lenient punishment for crimes committed after June 15, 2001.
The trial judge is vested with broad sentencing discretion because he or she remains in the best position to assess the aggravating and mitigating circumstances presented by each case. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957. The trial judge in this case has the duty to examine the reduced conviction and determine, in accordance with the principles this court enunciated in Sepulvado, Dorthey, and Johnson, whether the mandatory sentence is constitutional as applied to this defendant. Accordingly, defendant's writ application is granted, the sentence is vacated, and the case is remanded to the district court for the imposition anew, of a legal, constitutional, and appropriate sentence.
SENTENCE VACATED; REMANDED TO DISTRICT COURT FOR RE-SENTENCING.
*5 KIMBALL and VICTORY, JJ., dissents and would deny the writ.
TRAYLOR, J., would deny the writ and assigns reasons.
TRAYLOR, J., dissents.
I respectfully dissent. Although the court of appeal reduced the crime to simple robbery, a life sentence is still the mandatory penalty. Therefore, the trial court was correct and there is no need to remand the matter for further proceedings.
NOTES
[1] The evidence suggested that defendant was holding his hand in his pocket while he committed the robbery.
[2] Act. 403 of 2001 amended La.Rev.Stat. 15:529.1(A)(1)(c)(ii) to provide that, if the fourth felony and two of the prior felonies are defined as crimes of violence under La.Rev. Stat. 14:2(13), the offender shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence. Under the present Habitual Offender Law, defendant's crime would be punishable by a term ranging from 20 years at hard labor to life imprisonment at hard labor. La.Rev.Stat. 15:529.1(A)(1)(c)(ii).