845 So.2d 354 (2003)
STATE of Louisiana
v.
Jermaine BARNES.
No. 2002-KP-2059.
Supreme Court of Louisiana.
April 4, 2003.
PER CURIAM.
Writ granted; case remanded to the district court. Under the rule set out in Louisiana jurisprudence, the changes mandated by 2001 La. Acts 403 do not apply to sentences imposed for crimes committed before the act's effective date. State v. Mayeux, 01-3408, p. 2-3 (La.6/21/02), 820 So.2d 524, 525-26; State v. Sugasti, 01-3407, p. 6-7 (La.6/21/02), 820 So.2d 518, 521-22. Operation of this rule extends to habitual offender sentences imposed pursuant to R.S. 15:529.1. State v. Harris, 02-0873, p. 2-5 (La.App. 5th Cir.1/28/03), 839 So.2d 291, 294; State v. Wilson, 02-0776, p. 10-11 (La.App. 4th Cir.1/22/03), 839 So.2d 206, 213; State v. Wade, 36,295, p. 11-13 (La.App. 2nd Cir.10/23/02), 832 So.2d 977, 986; State v. Bagneris, 02-0773, p. 4-5 (La.App. 4th Cir.10/16/02), 830 So.2d *355 1047, 1050; State v. Melancon, 01-1656, p. 9 (La.App. 4th Cir.8/21/02), 826 So.2d 633, 640; State v. Houston, 02-0255, p. 4 (La. App. 4th Cir.4/24/02), 818 So.2d 253, 255-56; State v. Flagg, 01-0965 (La.App. 5th Cir.3/26/02), 815 So.2d 208, 210-11. The case is accordingly remanded to the district court for imposition of sentence in accord with the sentencing statutes in force at the time of the offense.
KIMBALL, JOHNSON and KNOLL, JJ., would deny the writ.