855 So.2d 893 (2003)
STATE of Louisiana, Appellee,
v.
Alexander SURRY, Jr., Appellant.
No. 37,448-KA.
Court of Appeals of Louisiana, Second Circuit.
September 24, 2003.
*894 Cary J. Ellis, III, for Appellant.
Paul J. Carmouche, District Attorney, Edward Brossette, J. Thomas Butler, Assistant District Attorney, for Appellee.
Before BROWN, STEWART, and GASKINS, JJ.
BROWN, C.J.
Alexander Surry, Jr. was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967(C), which was alleged to have occurred on January 9, 2001. After preliminary matters, trial commenced on September 25, 2001, with selection of a six-person jury. Defendant was convicted as charged. Defendant pled not guilty to a habitual bill of information on October 11, 2001, in which the state alleged that he was a third felony offender. On April 29, 2002, defendant was adjudicated a third felony offender and was sentenced to a mandatory term of life imprisonment at hard labor without benefit of parole, probation or suspension. A motion to reconsider the sentence was denied. Defendant was granted an out-of-time appeal. He argues, that effective June 15, 2001, the habitual offender statute was amended to remove the mandatory life sentencing provision. He contends that he should receive the benefit of any ameliorative amendment enacted after the commission of the crime but before imposition of sentence. Defendant also argues that a life sentence under the circumstances of his case is excessive. The trial court rejected these arguments. We affirm.

Discussion
Amendment to Habitual Offender Law
At the time of the offense, the habitual offender law provided that if the third felony or either of the two prior felonies was a violation of the Uniform Controlled Dangerous Substance Law and punishable by imprisonment for more than five years, the penalty shall be life imprisonment without the benefit of parole, probation or suspension.
This statute was amended to lessen the penalty to a determinate term of not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction. La. R.S. 15:529.1(A)(1)(b)(i) as amended by 2001 La. Acts No. 403.[1] The effective date of the amendment was June 15, 2001, and Section 6 of the act provided that it was to have prospective effect only.
In a per curiam opinion, the supreme court in State v. Barnes, 02-2059 (La.04/04/03), 845 So.2d 354, held that the changes mandated by 2001 La. Acts 403 do not apply to sentences imposed for crimes committed before the act's effective date, June 15, 2001. The court specifically noted that this rule extends to habitual offender sentences imposed pursuant to La. R.S. 15:529.1, citing, inter alia, State v. Wade, 36,295 (La.App.2d Cir.10/23/02), 832 So.2d 977, writ denied, 02-2875 (La.04/04/03), 840 So.2d 1213.
In light of the clear legislative intent and the reasoning set forth in State v. *895 Barnes, supra, and State v. Wade, supra, the trial court did not err in sentencing defendant in accordance with La. R.S. 15:529.1 as it read at the time of the offense of conviction. This assignment of error is without merit.
Excessive Sentence
On January 9, 2001, parole agents made a field visit to defendant's Shreveport home. Defendant, who was home alone, was seen placing a small bottle on a chair and covering it with a shirt before letting the agents into the house. A field test of the substance in the bottle indicated that it was cocaine and the crime lab confirmed the identity of the substance. A unanimous jury found defendant guilty as charged of possession of cocaine. Defendant had two prior felony convictions for distribution of CDS, one in August 1993 and one in August 1998. In both cases, defendant was sentenced to five years at hard labor.
Defendant contends that if the prior version of R.S. 15:529.1 applied, the mandatory life sentence without benefit still violates his right against excessive punishment. Defendant points out that the 2001 amendment to La. R.S. 15:529.1(A)(1)(b)(i) reduces his exposure to a maximum of ten years and represents a legislative determination that the prior mandatory life sentence was inappropriate.
The definition of criminal conduct and the provision of penalties for such conduct is a purely legislative function. State v. Johnson, 97-1906 (La.03/04/98), 709 So.2d 672; State v. Dorthey, 623 So.2d 1276 (La.1993). Pursuant to this function, the legislature enacted the habitual offender statute, which has been held by the supreme court on numerous occasions to be constitutional. State v. Johnson, supra. Since that statute in its entirety is constitutional, the minimum sentences it imposes on recidivists are presumed to be constitutional. Id.; State v. Wade, supra. While the judiciary can declare a mandatory minimum sentence under the habitual offender law excessive, this should be done only in those rare instances where there is clear and convincing evidence to rebut the presumption of constitutionality. To merit a deviation below the mandatory minimum sentence, the defendant must show that he is "exceptional." Such downward departures should occur only in rare instances. Id.
Defendant's only contention is that he should benefit from the amendment to R.S. 15:529.1. He did not show that he was exceptional such that the mandatory sentence would not be "meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the crime." State v. Johnson, 709 So.2d at 676.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.
NOTES
[1] The amendment provided that if the three felonies are all violations of the CDS law and all punishable for ten years or more, then life imprisonment would be imposed. In this case the crime of conviction, possession of cocaine, carries a maximum sentence of five years. La. R.S. 40:967(C).