hPER CURIAM.
Granted. The court of appeal’s decision is reversed and defendant’s sentence of life imprisonment at hard labor imposed under La.R.S. 15:529.1(A)(l)(c)(ii), is reinstated. A remand for resentencing is necessary only when the defendant presents to the reviewing court “a substantial possibility that [his] complaints of an excessive sentence [have] merit.” State v. Wimberly, 414 So.2d 666, 672 (La.1982). In the present case, the trial court has already considered and rejected the defendant’s argument that he is an exceptional offender for whom a legislatively-prescribed mandatory sentence is excessive as a matter of La. Const. art. I, § 20. See State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. We find no abuse of discretion by the trial court in concluding that it had no constitutional basis for departing from the mandatory sentence specified by the legislature. The court otherwise correctly applied the law in effect at the time of the offense and not the ameliorative changes, of which the court was fully aware, made in the law with respect to habitual offender sentencing by 2001 La. Acts 403. State v. Parker, 03-0924 (La.4/14/04), 871 So.2d 317. Our decision in State v. Wilson, 01-2815 (La.11/22/02), 836 So.2d 2, does not dictate a different result as it was premised on the court of appeal’s action in reducing the grade of defendant’s crime for which he was convicted, a significant change in circumstance not previously addressed by the trial court in imposing sentence.
JOHNSON, KNOLL and WEIMER, JJ., would deny the writ.