1 .SUSAN M. CHEHARDY, Judge.
Arthur Walker appeals the mandatory life sentence imposed on him as a fourth-felony habitual offender. We affirm and remand for compliance with La.C.Cr.P. art. 930.8.
On October 17, 2000, the Jefferson Parish District Attorney filed a bill of information charging Arthur Walker with ten counts of cocaine distribution, violations of La.R.S. 40:967(A). The defendant was arraigned on May 29, 2003, and entered pleas of not guilty to all charges. On February 11, 2004 the defendant waived his right to a jury and underwent a bench trial. The judge found him guilty as charged as to all counts.
On March 15, 2004 the defendant filed a Motion in Arrest of Judgment and Alternatively Motion for New Trial. The court denied the motion that day. The defendant waived statutory delays, and the court sentenced him to serve ten years at hard labor on each count. The court ordered that the sentences all run concurrently with each other. The trial court denied the defendant’s oral motion to reconsider sentence and the defendant filed a Motion for Appeal that day, which the ■ court granted.
The State filed a habitual offender bill of information on March 15, 2004, alleging the defendant was a fourth felony offender. The trial court held a habitual offender hearing on May 3, 2004, at which the court found the defendant to be a |Kfourth felony offender. On the same day, the trial court vacated the defendant’s original sentence on Count 1 of the bill of information and sentenced him to a mandatory term of life imprisonment without benefit of parole, probation, or suspension of sentence. The court ordered that the sentence run concurrently with the defendant’s other sentences. The defendant filed a Motion for Appeal that day.
FACTUAL BASIS
The State presented testimony of a number of Jefferson Parish Sheriff’s Office undercover agents who purchased cocaine from the defendant on ten occasions, with videotaped evidence of the transactions and testimony of the supervising officers on the transactions.[1] The defense rested without presenting evidence or testimony.
*528 ASSIGNMENT OF ERROR NUMBER ONE
The defendant contends the trial court-imposed an illegal and excessive sentence. He asserts that the mandatory life sentence imposed on him as a fourth-felony offender is constitutionally excessive. He argues that the trial court might have considered the ameliorative changes in the Habitual Offender Law affected by Act No. 403 of 2001, considering that'two of his three predicate convictions were for nonviolent drug offenses.[2]
With respect to habitual offenders, the applicable sentencing provisions are those in effect when the underlying offepse is committed. State v. Parent, 03-653, p. 6 (La.App. 5 Cir. 10/28/03), 860 So.2d 170, VIZ, writ denied, 03-3169 (La.5/21/04), 874 So.2d 171. The Louisiana Supreme Court has specifically held that |4“the changes mandated by 2001 La. Acts 403 do not apply to sentences imposed for crimes committed before the act’s effective date. Operation of this rule extends to habitual offender sentences imposed pursuant to R.S. 15:529.1.” State v. Barnes, 02-2059 (La.4/4/03), 845 So.2d 354 (per curiam) (citations omitted). The defendant was subject to the sentencing enhancement provisions of La.R.S. 15:529.1(A)(l)(c)(ii), which provided as follows at the time of the underlying offense:
If the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment of more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
It is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Johnson, 97-1906, p. 6 (La.3/4/98), 709 So.2d 672, 675. But if the trial judge finds that an enhanced punishment mandated by La.R.S. 15:529.1 makes “no measurable contribution to acceptable goals of punishment” or that the sentence amounts to nothing more than “the purposeless imposition of pain and suffering” and is “grossly out of proportion to the severity of the crime,” the trial judge has the option and duty to reduce the sentence to one that would not be constitutionally excessive. State v. Dorbhey, 623 So.2d 1276, 1280 (La.1993). Nevertheless, downward departures from a mandatory minimum sentence should occur only in rare situations. Johnson, 97-1906 at p. 9, 709 So.2d at 676.
In order to rebut the presumption of constitutionality, the defendant must make a clear and convincing showing that he is “exceptional, which ... means that because of the unusual circumstances this Defendant is a victim of the legislature’s | ¡jfailure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case.” State v. Harbor, 01-1261, p. 5 (La.App. 5 Cir. 4/10/02), 817 So.2d 223, 227, writ denied, 02-1489 (La.5/9/03), 843 So.2d 388.
“Thus, the ‘trial court may not depart from the legislatively mandated minimum *529 simply because of some subjective impression or feeling about the defendant.’ ” Bailey, 04-85 at p. 16, 875 So.2d at 961, quoting from State v. Young, 94-1636, p. 5 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 528, writ denied, 95-3010 (La.3/22/96) 669 So.2d 1223.
The record of the habitual offender proceedings shows that the defendant did not move the court to consider a downward deviation from the mandatory minimum sentence. The defendant addressed the court himself, recounting a work injury that caused him to lose his job, a long-term drug abuse problem, and a period of homelessness.
The trial court did not err in denying the defendant’s Dorthey motion. The defendant failed to show unusual circumstances that would justify a departure below the mandatory minimum sentence. Similarly, the defendant fails to show on appeal a basis for a downward deviation. While a defendant’s history of non-violent offenses can be a consideration in a judge’s determination of whether a mandatory minimum sentence is too long, “it cannot be the only reason, or even the major reason, for declaring such a sentence excessive.” State v. Johnson, 97-1906 at pp. 7-8, 709 So.2d at 676.
Considering the foregoing, we find no merit to this assignment of error.

ASSIGNMENT OF ERROR NUMBER TWO

The defendant also assigned as error “all errors patent,” although he did not specify any such. We reviewed the record as provided in La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
We find that the trial court erred in failing to properly advise the defendant of the prescriptive period for applying for post-conviction relief under La.C.Cr.P. art. 930.8. At the time of sentencing, the judge instructed the defendant, “You have two years to file for post conviction relief.” However, that instruction is insufficient: the article provides that a defendant has two years “after the judgment of conviction and sentence has become final” in which to file a post-conviction relief application.
Accordingly, we order the trial court to provide the defendant with written notice of the two-year prescriptive period, and to file written proof of such notice in the record. See, State v. Taylor, 04-90, p. 15 (La.App. 5 Cir. 5/26/04), 875 So.2d 962, writ denied 04-1649 (La.11/19/04), 888 So.2d 193.
We find no other patent errors that require corrective action.
For the foregoing reasons, the sentence is affirmed and the matter is remanded to the trial court for proper compliance with La.C.Cr.P. art. 930.8, as stated above.

AFFIRMED AND REMANDED.

. The undercover officers were Agent Allison Dugas (February 2, 2000); Agent David Ca-nas a/li/a Mason Williams (May 23, July 6, July 12, August 2, August 3, August 22, September 6, and September 7, 2000); and Agent Kim Blanche a/k/a Lisa Stone (July 24, 2000). *528 The supervising officers were Agent Lisa Thornton (February 2 and July 24, 2000); Agent Corey Wilson (May 23 and August 22, 2000); Agent Wiley Davis (July 6, July 12, August 2, September 6, and September 7, 2000); and Lieutenant Ronnie Hoefeld (August 3, 2000).

. The predicate convictions were for possession of cocaine in 1995, distribution of cocaine in 1995, and inciting a felony in 1987.