WHIPPLE J.
2The defendant, William Anthony Alexander, was charged by bill of information with one count of possession of a firearm by a convicted felon[1] (count I), a violation *43 of LSA-R.S. 14:95.1(A); and one count of possession of a firearm on the premises of an alcoholic beverage outlet (count II), a violation of LSA-R.S. 14:95.5(A), and pled not guilty on both counts.[2] Following a jury trial on count I,[3] he was found guilty of the responsive offense of attempted possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:27(A) and LSA-R.S. 14:95.1(A). He was sentenced to eight years at hard labor without benefit of parole, probation, or suspension of sentence. He now appeals, contending the trial court imposed an illegal and unconstitutionally excessive sentence. For the following reasons, we affirm the conviction on count I, vacate the sentence on count I, and remand for resentencing on count I.

FACTS

On July 1, 2010, Terrebonne Parish Sheriffs Office Narcotics Agents Russell Madere, Phillip Pitre, Joseph Renfroe, and Dallas Bookenberger were on patrol in an unmarked SUV when they observed the defendant and Jovi Guidry leaning on the roof of a Buick LeSabre, engaged in a loud, “heated debate” over how the keys had been locked inside the vehicle. The men were standing in the parking lot behind Uptown Sports Bar on School Street in Terrebonne Parish. Agent Madere [Ssaw the defendant notice the SUV, and immediately stiffen his body posture, break eye contact, and make some “nervous mannerisms ... common to not wanting to be contacted by the police.” In response to the defendant’s actions, Guidry placed his hands in his pockets and attempted to separate himself from the Buick. Based on his extensive training particular to the detection of narcotics activity,[4] Agent Madere became concerned as to possible illegal activity. Agent Ren-froe activated the emergency lights on the SUV, and the agents pulled over and exited their vehicle.
Agents Bookenberger and Renfroe approached Guidry and began talking to him. Agent Madere announced “Sheriffs Office,” and heard a “loud clang,” which sounded like a “piece of metal hitting the ground.” Agent Madere attempted to identify the noise, and saw the defendant attempting to kick what appeared to be a gun under the Buick. Agent Madere shouted “gun — gun—gun.” The defendant stated, “that ain’t mine; I found that by the back wall; I was gonna sell it on the street.” The object was later identified as a stolen .380 caliber, semi-automatic pistol. According to Agent Bookenberger, Guidry did not drop the weapon because he could see Guidry from “head to toe” and did not see him drop anything. Thereafter, Agent Madere looked into the Buick through the front windshield and saw an additional weapon, a .38 revolver, lodged between the driver’s door and the driver’s seat. The Buick also contained .09 ounces of marijuana.

ILLEGAL AND EXCESSIVE SENTENCE

In his sole assignment of error, the defendant argues the trial court imposed a *44 sentence outside the range provided by LSA-R.S. 14:27(D)(3) and the applicable version of LSA-R.S. 14:95.1(B). Additionally, he argues the sentence was | ¿unconstitutionally excessive. The State agrees that the trial court imposed a sentence in excess of the applicable maximum sentence.
The law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Sugasti, 2001-3407 (La.6/21/02), 820 So.2d 518, 520-22. The defendant was found guilty of attempting to violate LSA-R.S. 14:95.1 on July 1, 2010. Prior to amendment by 2010 La. Acts No. 815, § l,[5] LSA-R.S. 14:95.1(B) provided:
Whoever is found guilty of violating the provisions of [LSA-R.S. 14:95.1] shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
Further, under LSA-R.S. 14:27(D)(3), whoever attempts to violate LSA-R.S. 14:95.1, shall be fined or imprisoned, or both, in the same manner as for the offense attempted, with such fine or imprisonment not to exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both. Pursuant to LSA-R.S. 14:27(D)(3) and the applicable version of LSA-R.S. 14:95.1(B), the maximum sentence allowed by law for the offense the defendant was convicted of was seven and one-half years at hard labor without benefit of parole, probation, or suspension of sentence and a fine of not more than $2,500.00. The defendant, however, was sentenced to eight years at hard labor without benefit of parole, probation, or suspension of sentence.
The appropriate remedy when the trial court incorrectly calculates the sentencing range is for the reviewing court to vacate the sentence and remand for resen-tencing. State v. Butler, 93-1317 (La.App. 1st Cir.10/7/94), 646 So.2d 925, 933, writ denied, 95-0420 (La.6/16/95), 655 So.2d 340. Accordingly, we vacate the sentence imposed on count I and remand for resen-tencing on that count in accordance with LSA-R.S. 14:27(D)(3) and LSA-R.S. 14:95.1(B) (prior to amendment by 2010 La. Acts No. 815, § 1). Given our conclusion that the sentence imposed on count I was illegal and must be vacated, we pre-termit the defendant’s remaining challenge to the sentence, i.e., that it was unconstitutionally excessive, as moot.
CONCLUSION
For the foregoing reasons, we affirm the defendant’s conviction on count 1, vacate the sentence on count I, and remand for resentencing on count I.
CONVICTION ON COUNT I AFFIRMED; SENTENCE ON COUNT I VACATED; REMANDED FOR RE-SENTENCING ON COUNT I.

. The State and the defense stipulated that, on December 10, 2009, the defendant pled guilty to second degree battery.

.Counts I and II were not triable by the same mode of trial, and thus, should not have been charged in the same bill of information. See LSA-C.Cr.P. art. 493. The record, however, indicates the defendant was tried only on count I. Jovi Shane Guidry was charged by the same bill of information only with count II.

. The record does not reflect the disposition of count II against the defendant.

. Lieutenant Madere testified he had over five hundred forty-eight hours of investigations and schooling particular to the investigation of narcotics-related activities.

. Effective August 15, 2010, 2010 La. Acts No. 815, § 1, amended LSA-R.S. 14:95.1(B) by substituting "twenty” for "fifteen” and by adding a second sentence governing the penalty for an attempt to violate LSA-R.S. 14:95.1.