**NOT FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2024 KA 0295**

STATE OF LOUISIANA

VERSUS

RICKEY LIONEL LAURANT

Judgment Rendered: ___DEC 2 7 2024___

\* \* \* \* \* \*

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 47222022

Honorable Scott C. Gardner, Judge Presiding

\* \* \* \* \* \*

J. Collin Sims
District Attorney
-and-
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Counsel for Appellee
State of Louisiana


Gwendolyn K. Brown
Louisiana Appellate Project
Baton Rouge, Louisiana

Counsel for Defendant/Appellant
Rickey Lionel Laurant

\* \* \* \* \* \*

**BEFORE:  McCLENDON, WELCH, AND LANIER, JJ.**

**McCLENDON, J.**

The defendant, Rickey Lionel Laurant, was charged by amended bill of information with possession with the intent to distribute a Schedule II controlled dangerous substance less than twenty-eight grams (methamphetamine) (count one), in violation of LSA-R.S. 40:967(A)(1) and (B)(1)(a); possession with the intent to distribute a Schedule I controlled dangerous substance (heroin) (count two), in violation of LSA-R.S. 40:966(A)(1) and (B)(3); possession with the intent to distribute a Schedule II controlled dangerous substance (fentanyl) (count three), in violation of LSA-R.S. 40:967(A)(1) and (B)(4); possession with the intent to distribute a Schedule I controlled dangerous substance less than two and a half pounds (marijuana) (count four), in violation of LSA-R.S. 40:966(A)(1) and (B)(2)(a); possession of a Schedule II controlled dangerous substance with an aggregate weight of two grams or more but less than twenty-eight grams (amphetamine) (count five), in violation of LSA-R.S. 40:967(C)(2); and transactions involving proceeds from drug offenses (count six), in violation of LSA-R.S. 40:1041(A) and (E). He pled not guilty to the charges. Following a jury trial, the defendant was found guilty as charged on counts one, two, three, and five; not guilty on count six; and guilty of the responsive verdict of possession of marijuana on count four.

The State subsequently filed a habitual offender bill of information as to count three. After the defendant admitted the allegations contained therein, the trial court adjudicated the defendant a fourth-felony habitual offender with respect to count three only. The trial court thereafter sentenced the defendant as follows: twenty-five years at hard labor (counts one and two); twenty-five years at hard labor without the benefit of probation or suspension of sentence (count three); and ten years at hard labor (counts four and five).[1] The sentences were ordered to run concurrently. The defendant now appeals, assigning error to the trial court's denial of his motion to suppress and the imposition of an illegal and excessive sentence on count four. For the following reasons,

---

[1] The trial court erroneously imposed an enhanced sentence on count one at sentencing despite adjudicating the defendant a habitual offender with respect to count three only. However, the trial court later issued a written judgment which correctly indicated count three was enhanced pursuant to LSA-R.S. 15:529.1 and ordered the court minutes and commitment order to reflect such. As the court minutes and commitment order properly reflect only count three was enhanced, we find no corrective action is warranted.

2

we affirm the convictions, habitual offender adjudication, and sentences on counts two and three. We vacate the sentences imposed on counts one, four, and five due to patent error, and we remand for resentencing.

## FACTS

On July 22, 2022, agents with the Office of Probation and Parole ("OPP") division of the Department of Public Safety and Corrections conducted a compliance check on the defendant, who was on parole, at 3609 Elizabeth Street[2] in Slidell, Louisiana. After entering the bedroom which the defendant was purportedly renting from the homeowner, Agent Steve Everly located a shoebox containing narcotics. Officers with the Slidell Police Department ("SPD") then conducted a search of the bedroom and discovered drug paraphernalia, including a digital scale, plastic bags, and cash. The defendant was subsequently arrested.

## ASSIGNMENT OF ERROR ONE

In his first assignment of error, the defendant argues the trial court erred in denying his motion to suppress. Specifically, the defendant alleges the warrantless compliance check performed by the OPP was a subterfuge for investigating criminal activity.

A trial court's ruling on a motion to suppress evidence is entitled to great weight because the trial court had the opportunity to observe the witnesses and weigh the credibility of their testimony. **State v. Landor**, 2020-0336 (La.App. 1 Cir. 2/19/21), 318 So.3d 225, 228. When a trial court denies a motion to suppress, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court's discretion, *i.e.*, unless such ruling is not supported by the evidence. **State v. St. Cyre**, 2019-0034 (La.App. 1 Cir. 12/19/19), 292 So.3d 88, 96, writ denied, 2020-00142 (La. 5/26/20), 296 So.3d 1063. A trial court's legal findings, however, are subject to a *de novo* standard of review. **Landor**, 318 So.3d at 228. In determining whether the ruling on the defendant's motion to suppress was correct, we are not limited to the evidence adduced

---

[2] We note the record reflects the residence was located on either Elizabeth Street, Elizabeth Drive, or Elizabeth Avenue throughout the proceedings. The motion to suppress listed the address as 3609 Elizabeth Street and, thus, we will use this variation of the address.

at the hearing on the motion. We may consider all pertinent evidence given at the trial of the case. **Id.**

The Fourth Amendment to the United States Constitution and Article I, § 5, of the Louisiana Constitution protect people against unreasonable searches and seizures. A defendant may move to suppress any evidence from trial on the basis that it was unconstitutionally obtained. LSA-C.Cr.P. art. 703(A). A search and seizure conducted without a warrant issued on probable cause is *per se* unreasonable unless the State can affirmatively show the warrantless search and seizure was justified by one of the narrowly drawn exceptions to the warrant requirement. See LSA-C.Cr.P. art. 703(D); **State v. Coleman**, 2019-1458 (La.App. 1 Cir. 6/12/20), 305 So.3d 878, 881, writ denied, 2020-00868 (La. 10/20/20), 303 So.3d 294, cert. denied, ___ U.S. ___, 141 S.Ct. 1739, 209 L.Ed.2d 505 (2021). If evidence was derived from an unlawful search or seizure, the proper remedy is exclusion of the evidence from trial. **State v. Benjamin**, 97-3065 (La. 12/1/98), 722 So.2d 988, 989.

A parolee has a reduced expectation of privacy, subjecting him to reasonable warrantless searches of his person and residence by his parole officer. **State v. Hamilton**, 2002-1344 (La.App. 1 Cir. 2/14/03), 845 So.2d 383, 387, writ denied, 2003-1095 (La. 4/30/04), 872 So.2d 480. The reduced expectation of privacy is a result of the parolee's conviction and agreement to report to a parole officer and to allow that officer to investigate his activities in order to confirm compliance with the provisions of his parole. **Id.** A parole officer's powers, however, are not without some restraints. A parole officer may not use his authority as a subterfuge to help another police agency that desires to conduct a search but lacks the necessary probable cause. The parole officer must believe the search is necessary in the performance of his duties and reasonable in light of the total circumstances. In determining the reasonableness of a warrantless search of a parolee and his residence, the court must consider: (1) the scope of the particular intrusion; (2) the manner in which the search was conducted; (3) the justification for initiating the search; and (4) the place it was conducted. **State v. Hood**, 2012-0006 (La.App. 1 Cir. 6/8/12), 2012 WL 2061512, *2 (unpublished), writ denied, 2012-1579 (La. 1/25/13), 105 So.3d 64.

4

It is an appropriate function of a parole officer to conduct unannounced, random checks on parolees. A parolee agrees to submit to such unannounced visits from his parole officer as a condition of parole. **Hood**, 2012 WL 2061512 at *3. A probationer has essentially the same status as a parolee. **State v. Malone**, 403 So.2d 1234, 1238 (La. 1981). A probation officer's decision to search must be supported by something more than a mere hunch; however, a reasonable suspicion that criminal activity is occurring will suffice. The officer is not required to have probable cause to conduct the search. To require otherwise would place unnecessary obstacles in the path of a probation officer who is performing his job of supervising the individual assigned to him. **Id.** at 1239.

In the present case, the defendant filed a motion to suppress in which he alleged agents with the OPP had no legal authority to enter and search 3609 Elizabeth Street without a warrant. Thus, according to the defendant, the evidence obtained as a result of the search should have been suppressed. At a hearing on the motion, the State called Agent Everly, who testified the defendant was on supervision with the OPP until 2041. Agent Everly explained he received confidential information from a source indicating the defendant was residing at 3609 Elizabeth Street and selling pressed fentanyl pills.[3] Agent Everly testified that upon arriving at 3609 Elizabeth Street, he and other OPP agents knocked on the door, and Lanny Phillips[4] answered and stated he was the homeowner. Agent Everly said he asked if the defendant was at the residence and how long he had been there. According to Agent Everly, Phillips explained the defendant had been living at the residence for about two months and paid rent. Thereafter, Phillips directed Agent Everly to the defendant's room. Agent Everly entered and found the defendant in the room with two females. He testified he detained the defendant for officer safety, searched the room, and found a shoebox on a shelf above the bed containing illegal narcotics. Once the narcotics were located, officers with the SPD took over the search and recovered

---

[3] Agent Everly was not allowed to testify about the information he received from the informant based on hearsay grounds at trial. However, hearsay is admissible at suppression hearings. **State v. Shirley**, 2008-2106 (La. 5/5/09), 10 So.3d 224, 228-229.

[4] At the hearing, Agent Everly identified Phillips as "Bettie" while the State identified him as "Laney." (R. 115, 121). At trial, Agent Everly identified Phillips as "Lanny."

additional evidence, including drug paraphernalia. Agent Everly testified the SPD was already at the residence for backup purposes.

On cross-examination, Agent Everly testified he did not have a search warrant for 3609 Elizabeth Street, and according to the defendant's paperwork, he lived at 205 West 31st Avenue in Covington. Agent Everly further explained when the defendant signed his parole certificate, he agreed to the search of his person, property, place of residence, and personal space at any time by his agent or another agent.

The State called Ben Williams, a narcotics detective with the SPD, who testified the defendant became a target of police investigation in early July 2022, after law enforcement received information from concerned citizens that he was selling an assortment of drugs from 3609 Elizabeth Street. The SPD engaged in undercover surveillance of the residence and observed the defendant coming and going from the residence. Detective Williams testified a woman who had been arrested for possession of methamphetamine said the defendant sold her the drugs, and she stated he lived at 3609 Elizabeth Street in the back left room. The SPD contacted the OPP and learned the defendant was on parole. According to Detective Williams, the OPP said agents would conduct a compliance check.

On cross-examination, defense counsel questioned Detective Williams as follows:

Q. Okay, and you thought he was selling out of the 3609 Elizabeth Street?

A. Absolutely.

Q. So, you could have gone and got a search warrant?

A. Absolutely.

Q. Because you probably thought you had probable cause at that time?

A. Yeah.

Q. But before, instead of doing that, you called in Probation and Parole and said ["]hey can you guys take a look at this guy [to] see what's going on?["]

A. Yeah.

Following arguments, the trial court denied the motion to suppress without reasons, and this court denied writs on supervisory review. **State v. Laurant**, 2023-0615 (La.App. 1 Cir. 8/7/23), 2023 WL 5012305 (unpublished).

6

At trial, Agent Everly elaborated that one of the purposes of a compliance check is to ensure the parolee is not in violation of the terms and conditions of their parole, one such term being the parolee lives at the residence on file with the OPP. Agent Everly said he became aware at some point that the defendant was residing at 3609 Elizabeth Street, and the OPP decided to conduct a compliance check at that address.

On appeal, the defendant argues the trial court erred in denying his motion to suppress, because law enforcement violated his Fourth Amendment rights by entering and searching the residence without a search warrant. The defendant contends the SPD circumvented the process of obtaining a search warrant by requesting that agents with the OPP initiate a search under the pretense of conducting a compliance check, which then gave the SPD the authority to search the residence. The defendant asserts when a "so-called 'compliance check' is made at an address other than that listed with the Division of Probation and Parole, the approval of a detached, neutral magistrate is required."

We find there was reasonable suspicion to justify the warrantless search based on the information obtained from the confidential informant notifying Agent Everly the defendant was living at and selling drugs out of an unreported address.[5] See **State v. McCarthy**, 2021-00153 (La. 4/20/21), 313 So.3d 1234, 1236 (*per curiam*). This reasonable suspicion standard for a warrantless search of a probationer is consistent with LSA-C.Cr.P. art. 895(A)(13)(a), which provides as a condition of probation that the defendant agree to searches by a probation officer, without a search warrant, when the officer has reason to believe the person is involved in criminal activity. Louisiana Code of Criminal Procedure article 895(A)(4) provides as a condition of probation the defendant "[p]ermit the probation officer to visit him at his home or elsewhere[.]" See also LSA-R.S. 15:574.4.2(A)(2)(b).

Considering the warrantless search in this matter in light of the factors from **Hood**, 2012 WL 2061512 at *2, we find that the scope of the search conducted by the OPP agents, with eventual assistance from the SPD, was not unreasonable under the

---

[5] In **Griffin v. Wisconsin**, 483 U.S. 868, 878-880, 107 S.Ct. 3164, 3171-3172, 97 L.Ed.2d 709 (1987), the United States Supreme Court, in interpreting Wisconsin's law that required "reasonable grounds" to search a probationer's home, held an unauthenticated tip, with no indication whether its basis was firsthand knowledge, reliable, or corroborated, can still justify the legality of the search under the Fourth Amendment.

circumstances. Agent Everly and other agents went to 3609 Elizabeth Street for the purpose of conducting a compliance check to determine whether the defendant was in violation of his parole by failing to report his change of address and by engaging in criminal activity. Agent Everly was given consent by the homeowner, Phillips, to enter the residence, and he thereafter went to the defendant's bedroom. The defendant was detained for officer safety due to the defendant's behavior, as depicted on the bodycam footage. Further, Agent Everly limited the scope of his search of the residence to the defendant's bedroom wherein the informant said the defendant lived and sold drugs. Moreover, in **Hamilton**, this court found an anonymous tip concerning drug activity by the parolee amounted to reasonable suspicion to justify a warrantless search. **Hamilton**, 845 So.2d at 389; see also **State v. Vailes**, 564 So.2d 778, 780-781 (La.App. 2 Cir. 1990) (finding a search based on a tip from a confidential informant that the probationer was possibly selling drugs and keeping weapons at his home was constitutional).

Finally, we find the search was not a subterfuge for a police investigation. According to Agent Everly, the compliance check was performed and narcotics were discovered before he made any contact with the narcotics detective. Agent Everly testified the OPP regularly requested the SPD's assistance for backup purposes during compliance checks. The eventual presence of narcotics detectives, including Detective Williams, at the defendant's residence served only to assist the OPP agents in their search of the defendant's bedroom after encountering suspected criminal activity.

We find no error or abuse of discretion in the trial court's denial of the motion to suppress. The warrantless compliance check was supported by reasonable suspicion, was limited in its scope, and was not a subterfuge for a police investigation. This assignment of error lacks merit.

## ASSIGNMENT OF ERROR TWO

In his second assignment of error, the defendant argues the trial court imposed an illegal, excessive, and improper sentence on count four. The State concedes the trial court imposed a sentence in excess of the applicable maximum sentence.

On count four, the defendant was charged with possession with the intent to distribute a Schedule I controlled dangerous substance less than two and one half pounds

8

(marijuana), but the jury found him guilty of the responsive verdict of possession of marijuana.[6] The trial court sentenced the defendant to ten years imprisonment at hard labor on count four. However, on a first conviction of possession of marijuana more than fourteen grams, a defendant shall be fined not more than five hundred dollars and/or imprisoned in the parish jail for not more than six months. LSA-R.S. 40:966(C)(2)(b). Therefore, the maximum sentence allowed by law on count four was a fine of five hundred dollars and/or six months imprisonment. Accordingly, the defendant's sentence of ten years is illegal. The appropriate remedy when the trial court applies the incorrect sentencing provision is for the reviewing court to vacate the sentence and remand for resentencing. **State v. Alexander**, 2012-0330 (La.App. 1 Cir. 9/21/12), 111 So.3d 42, 44. Therefore, we vacate the sentence imposed on count four and remand for resentencing on that count in accordance with LSA-R.S. 40:966(C)(2)(b).

## PATENT ERROR

Pursuant to LSA-C.Cr.P. art. 920(2), this court routinely conducts a review of all appeals for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. **State v. Anthony**, 2023-0117 (La.App. 1 Cir. 11/3/23), 378 So.3d 766, 775, writ denied, 2024-00027 (La. 5/21/24), 385 So.3d 242. After a careful review of the record, we have found two patent errors.

First, the defendant was convicted of possession with the intent to distribute a Schedule II controlled dangerous substance less than twenty-eight grams (methamphetamine) on count one. At the time of the commission of the offense,[7] LSA-R.S. 40:967(B)(1)(a) provided a sentencing range of one to ten years, with or without hard labor, and may, in addition, be fined not more than fifty thousand dollars. However, the trial court sentenced the defendant to twenty-five years at hard labor, resulting in an illegal sentence. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. LSA-C.Cr.P. art. 882(A).

---

[6] The verdict form indicates the jury found the defendant "guilty of possession only[,]" but did not specify how many grams the defendant possessed. However, the State and defense counsel stipulated the marijuana weighed approximately 18.728 grams at trial, and the jury was instructed it "must accept such stipulated or agreed facts as conclusively proved."

[7] "[T]he law in effect at the time of the commission of the offense" applies. **State v. Sugasti**, 2001-3407 (La. 6/21/02), 820 So.2d 518, 520.

9

Therefore, we vacate the sentence on count one and remand for resentencing. **Alexander**, 111 So.3d at 44.

Second, on count five, the defendant was convicted of possession of a Schedule II controlled dangerous substance with an aggregate weight of two grams or more but less than twenty-eight grams (amphetamine), in violation of LSA-R.S. 40:967(C)(2). That statute provides a sentence, "with or without hard labor, for not less than one year nor more than five years" and in addition, may be sentenced to pay "a fine of not more than five thousand dollars." LSA-R.S. 40:967(C)(2). The defendant was sentenced to ten years at hard labor. Therefore, the sentence on count five is illegal, and we vacate the sentence and remand for resentencing. **Alexander**, 111 So.3d at 44.

Accordingly, we affirm the defendant's convictions, his habitual offender adjudication, and his sentences on counts two and three. We vacate the sentences imposed on counts one, four, and five and remand the matter for resentencing in accordance with this opinion.

**CONVICTIONS AND HABITUAL OFFENDER ADJUDICATION AFFIRMED; SENTENCES ON COUNTS TWO AND THREE AFFIRMED; SENTENCES ON COUNTS ONE, FOUR, AND FIVE VACATED AND REMANDED FOR RESENTENCING.**